CORNELIA POOL *et al.*

*v.*

WILLIAM T. PHILLIPS *et al.*

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

1. DEEDS—*delivery of deed to husband for his wife is a good delivery.* The delivery of a deed to the husband for the wife, and the subsequent recording of the same by him, constitute a good delivery and vest the legal title in the wife.

2. GIFTS—*conveyance to wife at instance of husband is presumed to be a gift—resulting trust.* A conveyance to the wife at the instance of the husband is, as a general rule, presumed·to be by way of advancement or gift, and a resulting trust in his favor can be established only by clear and satisfactory proof.

3. SAME—*when presumption of gift by husband to wife is unreasonable.* The presumption that a conveyance of property to the wife at the instance of the husband is intended as a gift is unreasonable where the property so conveyed consists of the husband's entire estate.

4. EVIDENCE—*what not sufficient to overcome presumption of gift.* The mere facts that the husband takes possession of property conveyed to his wife at his instance, improves it, pays taxes thereon and occupies the same with his wife as a homestead, are not sufficient to overcome the presumption that the conveyance was a gift.

5. SAME—*what facts will establish a resulting trust.* Evidence that the husband took possession of property purchased with his funds but conveyed to his wife at his instance and which constituted his entire estate, that he improved it, paid taxes assessed in his name, occupied it as a home for himself and wife and six dependent children by a former wife, at all times controlled and disposed of the property as his own, his wife recognizing his right and joining in conveyances, and that the wife was childless and advanced in years, will establish a resulting trust in the property in his favor.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

Prior to January 18, 1855, William T. Phillips purchased certain real estate in Newark, N. J., from one Lewis Nichols, for which he had Nichols execute a deed, naming one of his minor daughters as grantee. His family then consisted of a wife and six children. The property was designed for a homestead, and soon after

the purchase a dwelling house was built thereon, but before it was completed, in February, 1855, the wife died. On the 12th of the following December Phillips married Phœbe Ann Cooper, and with her and his children occupied the premises as their home. In April, 1859, he negotiated an exchange of that property for the southwest quarter of section 20, township 37, north, range 13, east, in Cook county, Illinois, with one John Williams. The deed to the minor daughter had never been delivered to her nor placed on record, but remained in the father's custody, and about April 22, 1859, he erased the name of the daughter as grantee and inserted the name of Phœbe Ann Phillips, his wife, and also changed the consideration named therein from $500 to $2500. He then had Nichols re-acknowledge the same as of that date, leaving the date of the deed, however, January 18, 1855. The deed thus changed was duly recorded. A deed to this property was then executed to John Williams, William T. Phillips appearing therein as the grantor and Phœbe Ann Phillips joining as his wife. On May 11, 1859, John Williams and wife conveyed the Cook county property, by warranty deed, to Phœbe Ann Phillips, which deed was duly recorded in the recorder's office of Cook county June 23, 1859. An arrangement was at that time entered into between the parties, by which, upon the payment of $1900 to Williams within two years, he was to re-convey the Newark property. Failing to pay the money within the time named, on August 21, 1861, Williams executed a second deed to Phœbe Ann, conveying the same Cook county land, and that deed was also duly recorded November 12, 1868.

Soon after the execution of the first named deed Phillips removed with his family from New Jersey to Cook county, and thereafter occupied the Chicago property as his home, and placed improvements thereon. On April 1, 1868, he purchased from E. P. VanWyck the east half of the south-east quarter of section 19, township 37, north,

range 13, Cook county, and caused a deed therefor to be executed by VanWyck and wife to the said Phœbe Ann Phillips, and that deed was duly placed upon record. In June, 1868, William T. Phillips sold the south forty-five acres of the east half of the south-west quarter of section 20, township 37, range 13, to John Holm, and conveyed it by warranty deed, in which he was named as grantor, Phœbe Ann Phillips joining as his wife.

Phœbe Ann Phillips died February 25, 1879, leaving no child or children or descendants of such. The deeds to her from Williams and wife were then in the possession of her husband, the record having been destroyed in the Chicago fire of 1871. William T. Phillips then erased the name of his wife in one of these deeds as grantee, and in lieu thereof inserted his own, and, thus changed, caused it to be again recorded on October 9, 1879. On October 1, 1887, he deeded all the land to his son, George Phillips, taking back a lease for life. On November 1, 1890, George conveyed the same land to his wife, Georgiana Phillips. On January 31, 1877, Phœbe Ann Phillips, her husband joining her as such, mortgaged the VanWyck tract to secure an indebtedness of $600, and that incumbrance remained unsatisfied at the time of the bringing of this action.

The original bill was filed by appellants, claiming the undivided one-half of the lands the legal title to which was in Phœbe Ann Phillips, subject to the dower of William T. Phillips and the mortgage incumbrance upon the VanWyck tract. William T. Phillips, George Phillips and Georgiana Phillips, and the representatives of said incumbrance, were made parties defendant. Complainants sought by their bill to have the deed from Williams and wife (changed by Phillips, as above stated, from his wife to himself,) set aside and the premises partitioned, after assigning dower to said Phillips, and also an accounting for rents and profits. Having answered the bill, the defendants William T., George and Georgiana

Phillips filed a cross-bill, charging, in substance, that the said real estate was in fact owned by William T. Phillips, who caused the title thereto to be placed in the name of his wife, Phœbe Ann, for the purpose of better securing himself and family a home, and that she held the title, not in her own right, but in trust for him; also setting up the conveyances from William T. to George, and from the latter to Georgiana, and alleging title in her, subject to a life estate in William T., and the $600 mortgage.

The circuit court found in favor of the complainants in the original bill as to the VanWyck tract, and ordered partition thereof subject to the incumbrance thereon, but made no order as to an accounting for rents and profits, and also held that William T. Phillips had waived his right to dower in said lands. As to all the other lands the finding and decree were for the complainants in the cross-bill. Both parties excepted to the finding and decree of the circuit court and prayed an appeal to this court, which was allowed. Complainants in the original bill prosecute this appeal, and appellees assign cross-errors.

Prussing & McCulloch, and Catharine Waugh McCulloch, for appellants:

No resulting trust can be shown by parol to have arisen from a voluntary conveyance made without mistake, fraud or procurement. *Lawson* v. *Lawson,* 117 Ill. 98; *Moore* v. *Horsley,* 156 id. 42; *Francis* v. *Wilkinson,* 147 id. 376; *Biggins* v. *Biggins,* 133 id. 214; *Jackson* v. *Cleveland,* 15 Mich. 102; *Osborne* v. *Osborne,* 29 N. J. Eq. 385; *Sturtevant* v. *Sturtevant,* 20 N. Y. 40; *Graves* v. *Graves,* 29 N. H. 145; *Moore* v. *Moore,* 38 id. 389; *Farrington* v. *Barr,* 36 id. 88; Hill on Trusts, (4th Am. ed.) 106, 107; 1 Perry on Trusts, sec. 162, p. 182.

Evidence to establish a resulting trust must be clear, strong, unequivocal, unmistakable, and must establish

the fact of payment by the alleged beneficiary beyond doubt. *Strong* v. *Messinger*, 148 Ill. 433; *Francis* v. *Roades*, 146 id. 635; *Bank* v. *Beesley*, 159 id. 125; *Furber* v. *Page*, 143 id. 623; *Reed* v. *Reed*, 135 id. 491; *Wormley* v. *Wormley*, 98 id. 544; *Corder* v. *Corder*, 124 id. 231; *Heneke* v. *Floring*, 114 id. 554; *Sanford* v. *Finkle*, 112 id. 146; *Lee* v. *Browder*, 51 Ala. 288; *Robinson* v. *Robinson*, 45 Ark. 481; *Gascoigne* v. *Thwing*, 1 Vern. 366; *Grey* v. *Grey*, 2 Swanst. 594; *Gibson* v. *Foote*, 40 Miss. 788; *Murphy* v. *Hanscome*, 76 Iowa, 192; *Sunderland* v. *Sunderland*, 19 id. 325; *Page* v. *Page*, 8 N. H. 187; *Whitmore* v. *Learned*, 70 Me. 276; *Midmer* v. *Midmer*, 26 N. J. Eq. 299; *Peer* v. *Peer*, 11 N. J. 439; *Earnest* v. *Hill*, 106 Pa. 310; *Smith* v. *Strahan*, 16 Tex. 314; *Sullivan* v. *Sullivan*, 86 Tenn. 376; *Norton* v. *Mallory*, 3 Thomp. & Cooke, 640; Adams' Eq. 33; *Miller* v. *Blose*, 30 Gratt. 744; 10 Am. & Eng. Ency. of Law, 29; Perry on Trusts, sec. 147.

Equity will not declare a resulting trust where the claim has been allowed to lie dormant for an unreasonable length of time. *Marshall* v. *Peck*, 91 Ill. 187; *Strong* v. *Messinger*, 148 id. 434; *Francis* v. *Roades*, 146 id. 635; *Heneke* v. *Floring*, 114 id. 554; *Green* v. *Dietrich*, id. 636; *Sanford* v. *Finkle*, 112 id. 146; *Brown* v. *Brown*, 154 id. 43; *McGinnis* v. *Jacobs*, 147 id. 40; *Hatton* v. *Lindeman*, 28 Ala. 129; *School Directors* v. *School Directors*, 16 Ill. App. 653; *Cooke* v. *Cooke*, 29 Md. 538; *Reynolds* v. *Caldwell*, 80 Ala. 232; *Lynch* v. *Cox*, 23 Pa. 265; *James* v. *James*, 41 Ark. 301; *Midmer* v. *Midmer*, 26 N. J. Eq. 299; *Flemming* v. *Donahue*, 5 Ohio, 256; *Cohen* v. *Cohen*, 1 Ct. of App. D. C. 240; *Miller* v. *Blose*, 30 Gratt. 744; *Jackson* v. *Jackson*, 91 U. S. 122.

If no trust arises at the time the conveyance is made, no subsequent parol admissions or declarations of the donee can create a trust. 1 Perry on Trusts, (1st ed.) sec. 162, p. 131; 10 Am. & Eng. Ency. of Law, 12; Hill on Trustees, sec. 106; *Biggins* v. *Biggins*, 133 Ill. 211; *Francis* v. *Wilkinson*, 147 id. 384; *Jackson* v. *Cleveland*, 15 Mich. 102; *Osborne* v. *Osborne*, 29 N. J. Eq. 385; *Sturtevant* v. *Sturtevant*,

20 N. Y. 40; *Graves* v. *Graves*, 29 N. H. 145; *Moore* v. *Moore*, 38 id. 389; *Farrington* v. *Barr*, 36 id. 88.

When a husband purchases real estate and takes the title in the name of his wife or child, it will be presumed to be a gift or advancement. *Fry* v. *Morrison*, 159 Ill. 251; *Maxwell* v. *Maxwell*, 109 id. 588; *Johnston* v. *Johnston*, 138 id. 387; *Grey* v. *Grey*, 2 Swanst. 594; *Goelz* v. *Goelz*, 157 Ill. 45; *Fizette* v. *Fizette*, 146 id. 328; *Lochenour* v. *Lochenour*, 61 Ind. 595; *Francis* v. *Wilkinson*, 147 Ill. 370; *Moore* v. *Horsley*, 156 id. 41; *Smith* v. *Smith*, 144 id. 307; *Heneke* v. *Floring*, 114 id. 554; *Sanford* v. *Finkle*, 112 id. 146; *Osborne* v. *Osborne*, 29 N. J. Eq. 385; *Reed* v. *Huff*, 40 id. 234; *Butler* v. *Insurance Co.* 14 Ala. 777; *Harden* v. *Darwin*, 66 id. 55; *Ward* v. *Estate of Ward*, 36 Ark. 586; *Robinson* v. *Robinson*, 45 id. 481; *Russ* v. *Mebius*, 16 Cal. 355; *Peck* v. *Brummagin*, 31 id. 441; *Davis* v. *Davis*, 18 Col. 66; *Sherman* v. *Sandell*, 106 Cal. 373; *Cohen* v. *Cohen*, 1 Ct. of App. D. C. 240; *Glaister* v. *Hewer*, 8 Ves. 195; *Finch* v. *Finch*, 15 id. 43; *Vance* v. *Vance*, 1 Beav. 605; *McCaw* v. *Burk*, 31 Ind. 56; *Sims* v. *Ricketts*, 35 id. 184; *Stanley* v. *Brannon*, 6 Blackf. 193; *Andrews* v. *Oxley*, 38 Iowa, 578; *Cormerais* v. *Wesselhoeft*, 114 Mass. 550; *Insurance Co.* v. *Deale*, 18 Md. 26; *Warren* v. *Brown*, 25 Miss. 74; *Stevens* v. *Stevens*, 70 Me. 92; *Schuster* v. *Schuster*, 93 Mo. 438; *Hill* v. *Bank*, 45 N. H. 300; *Planing Mill* v. *Christophel*, 60 Mo. App. 106; *Ilgenfritz* v. *Ilgenfritz*, 116 Mo. 429; *Welton* v. *Divine*, 20 Barb. 9; *Arrington* v. *Arrington*, 114 N. C. 116.

There is nothing in the fact that the husband enters into possession of the land, improves it, pays the taxes and occupies it with his wife as a homestead as his own property, inconsistent with the theory that the land was conveyed to the wife as an advancement to her.    *Fry* v. *Morrison*, 159 Ill. 244; *Maxwell* v. *Maxwell*, 109 id. 588; *Dean* v. *Bailey*, 50 id. 481; *Sanford* v. *Finkle*, 112 id. 146; *Gillespie* v.· *Gillespie*, 159 id. 84; *Langford* v. *Grierson*, 5 Ill. App. 362; *Bogy* v. *Roberts*, 48 Ark. 17; *Dyer* v. *Dyer*, 1 L. C. Eq. 223; *Christy* v. *Courtenay*, 13 Beav. 96; *Williams* v. *Williams*, 32 id. 370; *Grey* v. *Grey*, 2 Swanst. 594; *Lochenour* v. *Lochenour*,

61 Ind. 595; *Edgerly* v. *Edgerly*, 112 Mass. 175; *Scott* v. *Sims*, 10 Bosw. 314; *Smith* v. *Strahan*, 16 Tex. 314; 9 Am. & Eng. Ency. of Law, 803; 1 Greenl. Cruise on Real Prop. 379.

Delivery to a husband is a sufficient delivery for his wife. *Vought* v. *Vought*, 50 N. J. Eq. 177; Tiedeman on Real Prop. sec. 814; 5 Am. & Eng. Ency. of Law, 449; *Hamilton* v. *Armstrong*, 120 Mo. 597.

WOOLFOLK & BROWNING, and HUMPHREY & HUMPHREY, for appellees:

In every case of doubt as to the true grantee in the deed the fact may be shown by parol evidence or by circumstances. 5 Am. & Eng. Ency. of Law, 433, note 1; *Dunn* v. *Ganes*, 1 McLean, 321; *Ganes* v. *Styles*, 14 Pet. 322; 5 Ind. 267.

The presumption of fact, where the deed is made to the wife, that it was intended as a gift or advancement, must prevail until overcome or rebutted by proof of such facts and circumstances as will satisfy the conscience of the chancellor that the conveyance was in fact taken to the wife for the benefit of the husband. *Smith* v. *Smith*, 144 Ill. 307.

Courts of equity hold gifts of all a husband's property to the wife to be unreasonable as between themselves, but much more unreasonable if the rights of children are affected. *Adlard* v. *Adlard*, 69 Ill. 212; *Wormley* v. *Wormley*, 98 id. 553; *Beard* v. *Beard*, 3 Atk. 72; Tyler on Infancy, secs. 357-361; 2 Story's Eq. Jur. secs. 1374, 1375.

The wife's heirs cannot claim any title where she, herself, did not. *Carr's Appeal*, 62 Conn. 403; *Sunderland* v. *Sunderland*, 19 Iowa, 325; *Wells* v. *Wells*, 35 Miss. 639.

Recording a deed is not delivery, but only *prima facie* evidence. *Insurance Co.* v. *Campbell*, 95 Ill. 267; *Weber* v. *Christen*, 121 id. 91; *Sullivan* v. *Eddy*, 154 id. 208; *Rountree* v. *Smith*, 152 id. 495; *Shultz* v. *Shultz*, 159 id. 654; *Stanley* v. *White*, 160 id. 605; *Roan* v. *Baker*, 120 id. 308; *Miller* v. *Murs*, 155 id. 295.

There must not only be a delivery, but an acceptance of the deed by the grantee; and when the acceptance of the grantee is not proven, and the facts do not justify the presumption of law that the grantee has accepted, the title will not pass. *Moore* v. *Flynn*, 135 Ill. 74.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Although the printed arguments are exceedingly voluminous, the merits of the cause lie in a small compass. The question is, did Phœbe Ann Phillips hold the title to this real estate, or any part of it, in her own right at the time of her death, or was there a resulting trust in favor of her husband, William T. Phillips? That the legal title was in her is, we think, clear. The execution of the deeds by Williams and wife and VanWyck and wife, and the delivery of them to the husband for her, were a sufficient delivery to vest title in her. It is equally clear that the land was purchased and paid for by William T. Phillips with his own means. Whatever may be said of the moral character of his act in erasing the names of the grantees in the deeds and inserting others, we do not regard that fact as in any way affecting the question of title now under consideration. Had William T. Phillips and Phœbe Ann Phillips been strangers to each other at the time of the conveyances from Williams and VanWyck to her, there could be no question that a resulting trust would have been presumed in favor of William T. Phillips. The relationship of the parties being that of husband and wife, the presumption is exactly the reverse,— that is to say, the conveyance to the wife at the instance of the husband is presumed to be by way of advancement or gift, and a resulting trust can only be established by clear and satisfactory proof thereof. Thus, it is said in Perry on Trusts (sec. 147): "Whether a purchase in the name of a wife or child is an advancement or not is a question of pure intention, though presumed, in the first instance, to be a provision and settlement; therefore any

antecedent or contemporaneous acts or facts may be received either to rebut or support the presumption, and any acts or facts so immediately after the purchase as to be fairly considered a part of the transaction may be received for the same purpose." The rule thus announced has been fully recognized by this court in numerous cases. *Taylor* v. *Taylor*, 4 Gilm. 303; *Adlard* v. *Adlard*, 65 Ill. 212; *Wormley* v. *Wormley*, 98 id. 544; *Johnston* v. *Johnston*, 138 id. 385; *Smith* v. *Smith*, 144 id. 299; *Goelz* v. *Goelz*, 157 id. 33.

What, then, was the intention of William T. Phillips at the time he caused the title to this land to be placed in his wife? Did he intend to make an absolute gift of the property to her, or was his purpose that she should simply hold the title for him? The court found, and the evidence abundantly sustains the finding, that as to the Williams tract he not only took possession of the property and occupied and improved it as a home for himself and family, but that he at all times controlled and disposed of it as his own, and that his wife, Phœbe Ann, recognized his right to do so, declaring him to be the owner thereof and joining him in the conveyance of the forty-five-acre tract, and also in placing one or more mortgages upon the whole property; also, that it was assessed in his name, and that he paid all taxes thereon. The court also found, and there is no conflict in the evidence as to the fact, that at the time the title to that tract was placed in the name of his wife he owned no other real property whatever and but little personalty, being in very limited circumstances; that he had at that time, living with and dependent upon him, six small children; that his wife, Phœbe Ann, had, during the several years of their married life, borne him no child, and that by reason of her age there was no expectation that she would do so. While, under the former decisions of this court, the mere facts that the husband may have taken possession of the land, improved it, paid the taxes thereon and occupied it with his wife as a homestead, would

not be sufficient to overcome the presumption of a gift, for the reason there is nothing in these facts inconsistent with the theory of an advancement, still, the evidence showing that the husband dealt with and conveyed the property as his own, together with the fact that he owned no other property and had a family of children dependent upon him and no expectation of others, is it reasonable to suppose that he intended to give his entire estate to the wife, making no provision whatever for himself and infant children? In *Adlard* v. *Adlard, supra,* the husband had placed the title to property paid for by him in his wife, and as to one class of the property we said (p. 218): "It is, no doubt, as argued by appellant's counsel, a natural presumption that a husband placing his money in the hands of his wife, to be invested in her name, intends it as a specific provision for her exclusive benefit; yet such a presumption would be unreasonable when a husband, a day laborer, deposits with his wife his daily, weekly or monthly earnings as he receives them, with a view, as they accumulate, to a permanent investment, leaving such investment to her own judgment, retaining nothing in his own hands and making no provision for his own future. In this particular case the presumption would be very unreasonable, keeping in view the fact of the provision before made for her." In *Taylor* v. *Taylor, supra,* a father had purchased lands and procured a conveyance thereof to his two sons, and the question was whether that conveyance was by way of a gift or advancement, or whether the sons held it in trust for the father. After referring to the facts in the case it was said (p. 306): "Now, all of this is utterly inconsistent with the idea that either of the parties understood the land really to belong to the sons. They bought and sold it as if it belonged to the father, and treated it throughout as if it were his." See *Wormley* v. *Wormley,* 98 Ill. 544; *Dudley* v. *Bosworth,* 10 Humph. 12; *Tremper* v. *Barton,* 18 Ohio, 418.

It has been uniformly held, whenever the question has arisen, that the gift of a husband or father's entire estate to a wife or child by way of advancement is unreasonable; and we think, here, that it is unreasonable to suppose, especially under the other facts and circumstances of the case, that William T. Phillips intended to make an absolute gift of all the property he then owned to his wife, and think the circuit court properly decreed the title to the Williams tract to be in Georgiana Phillips.

It is said in the argument that the decree of the circuit court in holding a contrary view as to the VanWyck tract was in the nature of a compromise between the parties, the position being, that a different rule cannot be consistently applied to the two tracts. We do not regard this contention as altogether sustained by the evidence. There is as to that tract the absence of proof of the conveyance and mortgaging of the property in the name of the husband; and, assuming that the Williams tract was intended to be held in trust, it was not true when the VanWyck tract was conveyed to her that it was the only property owned by him, and therefore it was not an unreasonable provision for her. We are inclined to think the circuit court properly decided that tract was held by Phœbe Ann Phillips, at the time of her death, in her own right.

We do not regard the case as one involving the doctrine of *laches*.

Treating the VanWyck tract as legally belonging to Phœbe Ann Phillips and descending to her heirs at her death, we are unable to see why, under the allegations of complainants' bill, they are not entitled to an accounting for rents and profits. Counsel for appellees offer no argument in support of the decree below denying that relief.

The decree of the circuit court finding the interests of the several parties in the property will be affirmed, and the cause will be remanded to that court, with directions

to proceed with the partition of the eighty acres, and also to order an accounting of rents and profits as to that tract, as prayed in the original bill.   Each party will pay his own costs in this court.

*Reversed in part and remanded.*