LYDIA E. EUANS

*v.*

JAMES CURTIS *et al.*

|190      197|
|113a ¹205|

*Opinion filed April 18, 1901.*

1. TRUSTS—*resulting trust not presumed where parent directs conveyance to be made to child.* If a parent, either father or mother, pays the purchase price of real estate and directs the title to be made to his or her child, the presumption is that an advancement or gift to the child is intended, and a resulting trust can only be established by clear and satisfactory proof that no gift was intended.

2. SAME—*what evidence does not establish a resulting trust.* Where a mother pays the purchase price of a lot and directs the deed to be made to her son, a resulting trust in her favor is not established by evidence that she intended to give him the lot if he would help her improve it, but that she told him the lot would not be his until "he did that," since such evidence, at most, shows only a gift to the son, subject to revocation for non-performance of some future act.

APPEAL from the Circuit Court of Iroquois county; the Hon. JOHN SMALL, Judge, presiding.

Appellees James Curtis, and Celia, his wife, on September 1, 1899, in consideration of the sum of $125, conveyed lot 7, in block 5, railroad addition to the village of Milford, in Iroquois county, to the appellee Wilbur J. Prose, who is a son of the appellant. Said sum of $125, the consideration for the deed, was paid by appellant out of her own moneys. The deed was not placed of record. On December 28, 1899, Curtis contracted with Prose to re-purchase the lot for the same price at which he had sold it, viz., $125. Curtis and Prose were advised that as Prose was an unmarried man, the re-conveyance of the lot to Curtis could be accomplished by re-delivering to Curtis the deed which he had executed to Prose. Prose returned the deed to Curtis, and Curtis paid him $125 and destroyed the deed. The lot was an unimproved and vacant town lot.

On the 15th day of August, 1900, the appellant filed her bill in chancery, in which she alleged the considera-

tion for the conveyance of the lot by Curtis to Prose was paid by her to Curtis; that Curtis knew the money so paid him was her money, and that he made said deed to Prose at her direction but delivered the deed to her; that the deed remained in her possession until·it was procured by Prose secretly and without her consent and against her will; that the transaction between Curtis and Prose, whereby the deed was returned to Curtis and the sum of $125 paid to Prose, was without her knowledge or consent and in fraud of her rights, etc., and prayed that a resulting trust should be declared in her favor and said Curtis and Prose should be divested of all claim of interest or title to the lot and the full title thereof vested in her. Answers to the bill were filed by the appellees Curtis, and replications thereto were filed. The answer of the appellees Curtis invoked the provisions of the Statute of Frauds in their defense. Appellee James Curtis exhibited a cross-bill against Prose, praying that Prose be required to execute a deed for the lot to him, Curtis. Prose was defaulted as to both the original and the cross-bills. The cause was heard and a decree entered dismissing the original bill and awarding the relief prayed in the cross-bill. The appellant, the complainant in the original bill, has prosecuted this appeal to reverse the decree.

MORGAN & OREBAUGH, for appellant.

FRANK HARRY, for appellees James and Celia Curtis.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

Counsel for the appellant, in their brief, say the appellant is not asking to recover on a verbal express trust, but upon a resulting trust. When a parent pays the purchase price of real estate and directs the title to be made to his or her child, the presumption which arises

in law is, that an advancement or gift to the child is intended. (*Taylor* v. *Taylor*, 4 Gilm. 303; *Pool* v. *Phillips*, 167 Ill. 432; 1 Am. & Eng. Ency. of Law,—2d ed.—p. 769.) In such state of case a resulting trust can only be established by clear and satisfactory proof that neither an advancement nor a gift was intended. (*Pool* v. *Phillips*, *supra*.) The presumption is the same whether the parent be the father or the mother. (1 Am. & Eng. Ency. of Law, —2d ed.—p. 773, and note 2.)

The only testimony relied upon to overturn this legal presumption is that of the appellant. Her testimony, in substance, was, she and her husband kept a hotel; that Prose was her son by a former husband and lived in her family; that she had a conversation with appellee Curtis about purchasing the lot; that he offered to sell it to her for $125, but she told him she would talk to her son before purchasing; that she had a talk with her son, and asked him if she would buy the ground if he would help improve it; that he said he would assist, but wanted it so it would be his; that his brother had plenty of property and ought not to come in on this lot; that she agreed to have the deed drawn in his name if he would help improve it; that she thought he was the one to have it; that she intended to give him the property if he would help improve it. She also testified she wanted the lot for a home, and that she agreed to have the title conveyed to her son for the reason he had "agreed to help her improve it," and that she told him that the lot was not his until "he did that." What improvements she intended or desired to have put upon the lot, and to what extent she expected her son to assist therein in order the gift might become irrevocable, is not disclosed. It is clear she intended that the lot should belong to him unless she revoked the gift for non-performance on his part of the verbal understanding between them.

In the view most favorable to be taken for the appellant, all that can be deduced from this testimony is, that

the transaction, as between the mother and son, was a gift to the son, which might be subsequently revoked by her should the son fail to fulfill the conditions of a verbal agreement between them requiring the performance of some act or acts by the son in the future. The testimony is not only insufficient to overturn the legal presumption of a gift or an advancement, but tends rather to add confirmation to the presumption that a gift was intended. The plea of the Statute of Frauds presented an insurmountable barrier to the establishment of an express trust by verbal testimony.

The decree is affirmed.                    *Decree affirmed.*