## William O. Langdon v. Mary E. Hughes.

1. DEBTOR AND CREDITOR—*how status of, created.* A person cannot make himself the creditor of another without that other's consent.

2. FINDING OF COURT—*when, not disturbed.* The finding of a judge to whom a cause has been submitted for trial without a jury, is entitled to as much weight in controverted matters of fact as the verdict of a jury, and it will not be set aside by an appellate tribunal unless manifestly against the weight of the evidence.

Action of assumpsit. Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

PATTON & PATTON and J. H. MATHENY, for appellant.

ALBERT SALZENSTEIN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit brought by appellant against appellee for the recovery of the sum of $1,000, which he claims to have loaned to appellee on August 18, 1898.

To the declaration, which consists of the common counts, the defendant interposed the plea of general issue. The cause was tried by the circuit judge, a jury having been waived, and a judgment rendered against the defendant in bar and for costs, from which he appeals.

The following facts are uncontroverted: On August 18, 1898, the day upon which appellant claims to have loaned the money to recover which this suit is brought, appellant, Louisa J. Langdon, his wife, and appellee, her sister, all residents of Springfield, Illinois, were temporarily staying at Harbor Point, Michigan. On that day appellant had in his possession a bank draft for $1,000 payable to himself, which he indorsed and delivered to appellee. Upon their return to Springfield, appellee executed and delivered to appellant her note for the amount of the draft, dated November 1, 1898, and payable to Louisa J. Langdon. Prior

thereto, on October 7, 1897, appellee had executed and de-
livered to appellant her promissory note for $1,500, payable
to "W. A. Langdon or Louisa J. Langdon" and thereafter,
on December 20, 1898, she executed and delivered to appel-
lant her note for $1,500, payable to Louisa J. Langdon.
Appellant, who transacted all business for his wife, retained
possession of all of said notes until December 15, 1899,
when the same were surrendered to appellee, who executed
and delivered to appellant, in place thereof, her note for
$4,000 payable to Louisa J. Langdon.  Appellant retained
possession of the same until the summer of 1901, when,
shortly before her departure for Harbor Springs, he deliv-
ered it to his wife.  Mrs. Langdon and appellee remained
at Harbor Springs during the summer, returning to Spring-
field in the fall, shortly after which Mrs. Langdon died.
At the time of her death the note in question was in the
possession of appellee.  As to the manner in which it came
into her possession, the evidence is conflicting.  Appellee
testified that Mrs. Langdon presented it to her while they
were together that summer at Harbor Springs; while the
evidence of appellant tends to show that appellee obtained
it surreptitiously from his wife's trunk shortly prior to
her death.

It being conceded by appellant that the propositions of
law held by the trial court correctly stated the law applica-
ble to the facts, the only questions for our consideration and
determination, are those of fact.  Appellant insists that the
money for which the note dated November 1, 1898, was
given, and to recover which this suit was brought, belonged
to him, and that he, not his wife, loaned it to appellee;
while appellee contends that the money belonged to her
sister, Mrs. Langdon, and that the loan was made by her.
Appellant makes no claim, in this suit, to the remainder of
the consideration of the $4,000 note.  If appellee is to be
believed, there was sufficient evidence to warrant the trial
judge in finding that she borrowed the money in question
from Mrs. Langdon, and not from appellant.  She testified
clearly and emphatically that she never had any conversation

with him about the matter, but that the negotiations relative thereto were had with Mrs. Langdon, and that the money was borrowed from her and not appellant. She further testified that while appellant drew the note, he was not present when it was signed; that the note was handed to her for execution by Mrs. Langdon, and that after signing it she delivered it to her. These facts were sufficient to raise the presumption that the money belonged to Mrs. Langdon. If appellee believed that she was borrowing the money from Mrs. Langdon, although the money was in fact that of appellant, she was and is liable therefor in this form of action to Mrs. Langdon, or her personal representatives, only. Appellant could not make himself appellee's creditor without her consent. In the case of Arkansas Valley Smelting Co. v. Belding Mining Co., 127 U. S. 379, the court says: " Every one has the right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denham, 'You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.' "

We are further of the opinion that although the money in question may have been furnished by appellant out of his own funds, the fact that there was evidence tending to show that he permitted his wife to lend the same to appellee, and that she took a note therefor payable to herself, together with the further fact that she had exclusive possession of the note at the time of the alleged gift to appellee, warranted the court in finding that the money was intended by him as a gift to his wife. Pool v. Phillips, 167 Ill. 432; Evans v. Curtis, 190 Ill. 197; Richardson v. Lowry, 67 Mo. 411.

Upon the question as to how the $4,000 note finally came into the possession of appellee, the evidence of the parties is in direct conflict and is irreconcilable. The trial judge evidently believed the testimony of appellee upon that point and disbelieved that of appellant. Inasmuch as he saw the parties on the stand and heard them testify, he was

better able than we are to determine which of them was the more worthy of belief.

We have carefully examined and considered all competent evidence in the record, and are unable to say that the findings of the trial judge as to the facts are against the weight of the evidence. It is well settled that the finding of a judge to whom a cause is submitted for trial, without a jury, is entitled to as much weight in controverted questions of fact as the verdict of a jury, and will not be set aside by an appellate tribunal unless manifestly against the weight of the evidence. Haug v. Haug, 193 Ill. 645.

The judgment will be affirmed.

*Affirmed.*