**In re Alfred H. BRAUN, Debtor.**

**David L. TOMCHIN, Trustee, Plaintiff,**

**v.**

**Alfred BRAUN, and Cosmopolitan National Bank, not indiv. but as Trustee u/t/n 4267, Defendants.**

**Bankruptcy No. 81 B 00628.
Adv. No. 81 A 1063.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

June 28, 1982.

David L. Tomchin, Chicago, Ill., pro se.

David Hambourger, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause of action involves a complaint by the Trustee in Bankruptcy, David L. Tomchin (hereinafter referred to as Trustee), seeking to avoid a transfer of a certain personal property interest to Alfred Braun, Sr. (hereinafter referred to as defendant), pursuant to Section 548 of the Bankruptcy Code.

The Trustee's complaint is based on a transfer made to the defendant on December 23, 1980 by the defendant's son, Alfred H. Braun (hereinafter referred to as debtor). Approximately four weeks after that transfer, the debtor filed a voluntary petition in bankruptcy, on January 23, 1981.

The transfer in question involves a twenty-five percent (25%) interest in an Illinois land trust held by defendant, Cosmopolitan National Bank. The sole asset of that land trust is a four unit apartment building located at 6443 N. Winchester Ave., Chicago, Illinois. Consequently, the defendant's 25% interest is equivalent to one of the four units of the apartment building.

In April of 1977, the defendant and his wife assigned their beneficial interest in the land trust to their son, the debtor, for no consideration. This interest in the land trust constituted the principal asset of the defendant. Moreover, this transfer took place at a time when the defendant's wife was near death. The defendant, himself, had an uncertain life expectancy due to advanced age and serious illness. Despite the assignment to the debtor, the defendant continued to live in the apartment until January of 1982, when his physical condition required that he move to a nursing home. The defendant paid all expenses relative to maintaining the apartment, including taxes, electricity, mortgage and redecorating expenses.

The debtor, after receiving the interest in the land trust, reassigned the property in October of 1980 to his then fiancee. The debtor feared that his current wife would receive his interest in the land trust as a result of divorce proceedings. Fearing the conveyance to his fiancee would be deemed fraudulent, the debtor caused an assignment from his fiancee back to the defendant on December 23, 1980, again for no consideration. It is this conveyance to the defendant which the Trustee seeks to avoid as a fraudulent conveyance pursuant to Section 548 of the Bankruptcy Code.

Section 548 of the Bankruptcy Code provides:

> (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—...
>
> (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> . . . .

11 U.S.C. § 548(a)(2). It has been stipulated that the debtor, a claims adjuster, was insolvent at the time he assigned the beneficial interest in the land trust to his fiancee as well as at the time he caused the beneficial interest to be reassigned to the defendant and that the debtor received no consideration for either assignment. Therefore, the conveyance to the defendant satisfies the requirements of a fraudulent conveyance under Section 548(a)(2) if the beneficial interest which was transferred, constitutes property includable in the debtor's estate under Section 541 of the Bankruptcy Code.

The defendant alleges that the beneficial interest should not be considered as part of the debtor's estate because the original conveyance to the debtor in April of 1977 was intended to be temporary, pending the defendant's successful recovery from surgery. Thus, the defendant reasons that a resulting trust was created for his benefit, precluding the Trustee from avoiding the December 23, 1980 assignment. The Trustee, on the other hand, argues that the property

is part of the debtor's estate because the transfer in April of 1977 was intended to be a gift. The primary purpose of such gift was to avoid probate proceedings upon the death of his father, the defendant. Consequently, the sole issue to be decided by this court is whether the original transfer in April of 1977 constituted a gift, so that the conveyance of the property to the defendant on December 23, 1980 would be a transfer of the debtor's property made within one year before the filing of the debtor's petition for less than adequate consideration while the debtor was insolvent.

▮ Under Illinois law, there is a presumption that an assignment between a father and his son is a gift. *Scanlon v. Scanlon*, 6 Ill.2d 224, 229, 127 N.E.2d 435, 438–439 (1955). However, as the court in *Scanlon* stated:

> This presumption of fact is not conclusive. The intention of the parties governs . . . . . If the proof discloses that it was not the intention of the parties that the conveyance was to be deemed a gift or advancement, equity will effectuate the intention of the parties by declaring a resulting trust. *Id.* (Citations omitted).

▮ The intent which will sustain the finding of a resulting trust must have existed at the time of the conveyance. *Carlson v. Carlson*, 74 Ill.App.3d 673, 676, 30 Ill.Dec. 607, 609, 393 N.E.2d 643, 645 (1979). Furthermore, the party seeking to establish the trust has the burden of proving its existence by *clear, convincing and unmistakable evidence. Id.*

This clear and convincing standard is a factual determination to be decided by the court. *Hocking v. Hocking*, 76 Ill.App.3d 29, 31 Ill.Dec. 451, 394 N.E.2d 653 (1979). In applying this standard, the Court in *Compton v. Compton*, 414 Ill. 149, 111 N.E.2d 109 (1953), failed to impose a constructive trust even though the plaintiff had transferred his entire estate. The facts in *Compton* are similar to those now before the court. In *Compton* the father, wishing to provide for his son in case of his death, conveyed all of his real property (his home and a farm) to his son. The father contin-

ued to live in the home and pay the necessary expenses. Subsequently, the father had a dispute with the son and brought suit to have a constructive trust imposed. Despite the transfer of the father's entire estate, the court held that the father's conveyance was a gift because the father failed to prove his intention in a *clear and convincing manner. Id.* at 159–61, 111 N.E.2d at 114–15.

*Carlson v. Carlson*, 74 Ill.App.3d 673, 30 Ill.Dec. 607, 393 N.E.2d 643 (1979) is an example of being able to overcome the presumption of a gift. In *Carlson*, the plaintiff met with the defendant and the defendant's attorney to determine a way in which she could avoid a judgment creditor and still keep her house. After consultation between the parties, the plaintiff caused her house to be transferred to the defendant for a sufficient period until the parties felt that the house would be safe from the judgment creditor. Subsequently, a dispute arose between the parties, and the plaintiff brought suit to have a resulting trust imposed. The Court held the plaintiff had proved in a clear and convincing manner that her intention at the time of the transfer was to have the house temporarily held for her benefit. *Id.* at 675–76, 30 Ill.Dec. at 609, 393 N.E.2d at 645. *See also, Pool v. Phillips*, 167 Ill. 432, 47 N.E. 758 (1897) (the totality of circumstances mandates whether a constructive trust should be imposed).

▮ In the case at bar, the defendant in an attempt to satisfy the clear and convincing standard argues that he and the debtor made an oral agreement whereby the beneficial interest was to be reassigned at the defendant's request. The defendant argues that this agreement was evidenced by several factors: (1) the transfer of the beneficial interest constituted a transfer of substantially all of the defendant's estate, and (2) the defendant occupied the apartment after the assignment and paid for its necessary expenses. However, neither of the above factors is conclusive to determine whether a resulting trust was in fact intended.

First, the defendant cites *Pool v. Phillips*, 167 Ill. 432, 47 N.E. 758 (1897), to support the assertion that a transfer of the defendant's entire estate rebuts the presumption of a gift. However, as stated above, the *Pool* court in making its decision considered not only the transfer of the entire estate, but the totality of the circumstances surrounding the transfer. *Id.* at 440–41, 47 N.E. at 759–60. *See also, Compton, supra,* (court ruled against imposition of a constructive trust even though the plaintiff's entire estate had been transferred).

Second, while the court has considered factors such as continued occupation of the home and payment of taxes, mortgage and expenses, as tending to overcome the presumption of a gift, *Scanlon v. Scanlon,* 6 Ill.2d 224, 229, 127 N.E.2d 435, 438–49 (1955) (citing *Cook v. Blazis,* 365 Ill. 625, 629, 7 N.E.2d 291, 293 (1937)), the Illinois Supreme Court has clearly stated that the existence of such post-transfer evidence does not conclusively overcome the presumption of a gift. *Pool,* 167 Ill. at 440, 47 N.E. 759–60. *See also, Compton, supra,* (court failed to impose constructive trust even though father continued to live in home after its conveyance to his son); *Scanlon, supra,* 6 Ill.2d at 229, 127 N.E.2d at 438–39.

Considering all factors surrounding the April, 1977 assignment, this court finds no conclusive evidence of an oral agreement to rebut the presumption of a gift. This conclusion is based on the following factors which indicate that a permanent transfer was intended by the parties in April, 1977. First, at the time of the April, 1977 assignment, defendant's wife was near death, and the defendant was unsure of his own future life expectancy. Moreover, the defendant admitted in his testimony that the purpose of this assignment was to avoid probate proceedings. These factors taken together support the inference that defendant made a gift of his property interest in order to prevent this property from being subject to probate proceedings upon his death. Second, the defendant also admitted at trial that he did not ask for the property to be returned to him on December 23, 1980.

This factor, at the very least, creates a doubt as to whether any provision was made for the return of the assignment in April of 1977. *See Suwalski v. Suwalski,* 88 Ill.App.2d 419, 424, 232 N.E.2d 64, 67 (1967), *reversed on other grounds,* 40 Ill.2d 492, 240 N.E.2d 677 (1968) (transactions subsequent to transfer can be considered for the light it might influentially shed upon the question of what the parties' intention had been at the time of the transfer).

Accordingly, this Court holds that the assignment in April of 1977 was intended as a gift to the debtor. Thus, the twenty-five percent interest in the land trust is property includable in the debtor's estate under Section 541 of the Bankruptcy Code. As a result, the assignment of the partial interest in the land trust by the debtor to the defendant on December 23, 1980 was a fraudulent conveyance under Section 548(a)(2) of the Bankruptcy Code and is properly voidable by the Trustee.

The Trustee is to furnish a draft order in accordance with this opinion within 5 days.