### Frederick G. Smith

*v.*

### William H. Smith *et al.*

*Filed at Ottawa, January 19, 1893..*

1. ADVANCEMENT — *when presumed — how the presumption may be rebutted.* Where one purchases land with his own money and the legal title is taken in the name of his wife or child, the law will presume that it was intended as an advancement. This presumption may be rebutted or supported by evidence of antecedent or contemporaneous acts, facts or circumstances connected with the purchase, or so soon thereafter as to be fairly considered a part of the transaction itself.

2. SAME — *presumption rebutted — resulting trust.* Where a husband buys land with his own means, if his wife, by fraud or wrongful act against his intention, obtains a conveyance to be made in her name, the presumption of an advancement will be rebutted, and the presumption that she holds in trust will arise.

3. SAME — *and herein of the burden of proof.* The presumption of fact, when a deed is made to the purchaser's wife, that it was intended as a gift or advancement, must prevail until overcome, or rebutted by proof of such facts and circumstances as will satisfy the conscience of the chancellor that the conveyance was, in fact, taken to the wife for the benefit of the husband. The burden of proof is on the party claiming a resultant trust to show that an advancement was not intended.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. Horton, Judge, presiding.

This was a bill filed by appellant in the Circuit Court of Cook county against Walter H., F. Clarence, Jessie O. and

H. Irene Smith, to have a resulting trust declared and enforced in his behalf in certain property in the city of Chicago. After issues joined, the cause was referred by the court to a master in chancery to take the evidence and report the same to the court, together with his conclusions.

Upon the incoming of the report, the master having found in favor of the complainant, exceptions were filed to the report by defendants Walter H. and Jessie O. Smith, which exceptions were sustained by the court, and said complainant's bill dismissed. From this ruling of the court this appeal is prosecuted.

The facts in this case are substantially as follows: In 1883 the property in question belonged to the Travelers' Insurance Company and had for sometime been occupied by appellant with his family. Appellant desiring to purchase the property for a home, through a Mr. Calhoun, opened negotiations with Mr. White, the agent of the company. The result was that a price and terms of sale were agreed upon, and appellant took an abstract of title to his attorney and procured his opinion thereon. Shortly afterward, it is shown, appellant brought a mortgage (of the premises) to secure $800, part of the purchase price, to the same attorney for examination and said : "Here is the mortgage White has made out. I will come over here some noon hour with my wife; we can acknowledge it, then I wish you would attend to the winding up of it." Subsequently appellant and wife called at the attorney's office. The mortgage and notes were produced, and, by direction of the attorney, Mrs. Smith signed the same *first* and appellant's signature followed hers, that being the order of the names in the body of the instrument. The four (4) principal notes of $200 each, and twenty (20) interest coupons were all signed the same way. The attorney indorsed on the back of the mortgage, "Adelaide Smith and Frederick J. Smith." "Travelers' Insurance Company." Appellant then said that he was very busy, and handing the mortgage to the attorney with a check for $675, being the cash payment, requested him to go down with Mrs. Smith

to White's office and close up the purchase. The attorney and
Mrs. Smith went to White's office, delivered the mortgage,
notes and check and received in return a warranty deed from
the Travelers' Insurance Company conveying the property to
Mrs. Adelaide Smith. Nothing had been said up to that time
by appellant to the attorney in reference to whom the deed
was to be made, nor is any explanation given of why Mrs. Smith
was made principal in the mortgage, and why she signed the
notes and coupons. The mortgage was by " Mrs. Adelaide
Smith and her husband, Frederick J. Smith," and acknowl-
edged accordingly.

It does not appear that the attorney had been consulted in
respect of how the title was to be taken, and when the deed
was received he directed the attention of Mrs. Smith to the
fact that it was to her, but does not remember what she said.
The deed was placed on record by the attorney. The evidence
shows subsequently, how long after the recording of the deed
does not appear, the attorney called appellant's attention to the
matter, who replied : " Well, for the present, we will let the
thing rest ; my wife will make a deed to me, fix it all right."
The proof shows that appellant paid the entire purchase price,
taxes and repairs out of his own money. Mrs. Smith had no
means. From the time of the purchase the property was occu-
pied as a homestead by appellant and Mrs. Smith until Mrs.
Smith's death in March, 1886, and by appellant since. Appel-
lant remarried in April, 1887. It appears that in the conversa-
tions between appellant and the attorney, before referred to,
appellant said that he was buying the property, and said nothing
about buying it for his wife. There is testimony of declara-
tions by appellant tending to show that he understood the prop-
erty to be his wife's. Thus, on a visit of himself and wife to
the house of witness Reed, the wife of witness remarked that
the title to *their* new house was in her name ; appellant re-
plied that is just what he did — had it put in his wife's name.
At another time he said that he wanted to purchase a lot to

live on, for the reason that the property in controversy belonged "to the children," etc.

Mr. THOMAS TAYLOR, JR., for the appellant:

The doctrine of resulting trusts arises by analogy, from the theory of the common law that a feoffment without consideration results to the feoffer. *Grey* v. *Grey*, 2 Swanst. 598; Dyer, 146; 2 Roll. Abr., 781; Coke Litt., 271, 23.

Resulting trusts are established, though in apparent derogation of the statute of frauds, that justice may be done. *Peer* v. *Peer*, 11 N. J. Eq. 432.

If A buy real property with his own money, and the legal title be taken in the name of B, a stranger, the latter becomes a trustee thereof for A.

Such is the old and well established law in nearly all the English speaking countries, and its discussion to-day is a matter of supererogation. *Anonymous*, 2 Vent. 361; 10 Bac. Abr. 1, 9, 200, title "Trusts;" Story's Eq. Jur. sec. 1201.

If A buy real estate with his own money, and the legal title be taken in the name of B, who is the wife of or child of A, then the law says *prima facie*, there is no trust, but a settlement, provision or advancement. *Persons* v. *Persons*, 25 N. J. Eq. 250; *Wallace* v. *Bowers*, 28 Vt. 639.

"Whether a purchase in the name of a wife or child is an advancement or not, is a question of pure intention." *Maxwell* v. *Maxwell*, 109 Ill. 591; *Persons* v. *Persons, supra*.

If a husband buy real property intending it for himself, and by mistake, or ignorance, or fraud, or without his assent or without his knowledge, which is the case at bar, the legal title be taken in the name of his wife, there is a resulting trust in his favor. *Peer* v. *Peer*, 11 N. J. Eq. 432; *Wallace* v. *Bowers*, 28 Vt. 639; *Maxwell* v. *Maxwell*, 109 Ill. 591; Perry on Trusts, secs. 144, 147.

The presumption of a provision for the wife may be rebutted by parol testimony. *Persons* v. *Persons, supra; Maxwell* v. *Maxwell, supra*.

Any antecedent acts or facts may be received, either to rebut or support the presumption, and any acts or facts so immediately after the purchase as to be fairly considered a part of the transaction, may be received for the same purpose. *Maxwell* v. *Maxwell, supra ; Peer* v. *Peer, supra ; Shepherd* v. *White,* 10 Tex. 72 ; *Wallace* v. *Bowers,* 28 Vt. 639 ; *Persons* v. *Persons, supra.*

The presumption of a provision, where the husband buys real property and the conveyance is taken in the name of the wife, being based upon a supposed duty or moral obligation, is necessarily weak, as it is well known that in many jurisdictions a moral obligation is not a sufficient consideration for a contract and only results in a *nudum pactum. Dyer* v. *Dyer,* 2 Cox, 94, per Chief Baron EYRE.

The presumption is so weak that it merely acts as a "circumstance of evidence." *Dyer* v. *Dyer,* 2 Cox, 94.

"Thus, if there is any circumstance accompanying the purchase, which explains why it was taken in the wife's or a child's name, and shows that it was not intended to be an advancement, but was intended to be a trust for the husband or father, the presumption of an advancement will be rebutted and the inference of a trust will be established." 1 Perry on Trusts (4th ed.), sec. 146 ; *Cook* v. *Rosemond,* 27 Tex. 457 ; *Sunderland* v. *Sunderland,* 19 Iowa, 325.

Messrs. MONK & ELLIOTT, for the appellees :

The fact that a husband or a father paid the consideration money for an estate conveyed to a wife or child, will not establish a resulting trust in his favor. It will be taken as an advancement. *Maxwell* v. *Maxwell,* 109 Ill. 588 ; *Johnston* v. *Johnston,* 138 id. 385.

The presumption of an advancement can be overcome only by evidence that is clear, explicit and unequivocal, and such as will satisfy the conscience of the chancellor.

It seems, at one time, to have been considered that the presumption of an advancement was a slight one and easily overcome, but this notion never had a firm foothold, and has long since been exploded, and it is now settled that the proof to rebut the presumption of an advancement must be as clear, satisfactory and explicit as that required to establish a resulting trust. *Reed* v. *Huff*, 40 N. J. Eq. 229; *Shay* v. *Pittes*, 35 Ill. 360; *Reed* v. *Reed*, 135 id. 482; *Bogy* v. *Roberts*, 48 Ark. 17; *Sutherland* v. *Sutherland*, 69 Ill. 481; *Mahoney* v. *Mahoney*, 65 id. 406.

When land is purchased by a husband, who takes the title in the name of the wife, the presumption is strong, if not conclusive as between them, that it is intended as an advancement for the wife, and not as a trust in favor of the husband. *Sunderland* v. *Sunderland*, 19 Iowa, 325.

If the title is taken in the name of the wife with the husband's consent, the presumption that it is intended as an advancement is, in the absence of a written declaration, conclusive. Any arrangement or understanding that the wife will convey to the husband will create only an express trust, and must be in writing. *Johnston* v. *Johnston*, 138 Ill. 385.

Declarations of the husband subsequent to the conveyance can not be admitted to overcome the presumption of an advancement.

To render competent the declarations of complainant, it must appear that they were made before or contemporaneously with the purchase, or so immediately thereafter as to be fairly considered a part of the transaction. *Maxwell* v. *Maxwell*, 109 Ill. 588; Perry on Trusts, sec. 147; *Robinson* v. *Robinson*, 45 Ark. 481; *Harness* v. *Harness*, 49 Ind. 385.

Declarations made by the husband after the purchase, though incompetent to control the effect of the deed, may be used against him by the wife in support of the legal title. Perry on Trusts, sec. 147.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It is a familiar and well established rule, that where one purchases land with his own money, and the legal title is taken in the name of his wife or child, the law raises a presumption that it was intended as an advancement. *Finch* v. *Finch,* 15 Ves. 50; *Read* v. *Huff,* 40 N. J. Eq. 234, and cases cited; *Maxwell* v. *Maxwell,* 109 Ill. 588; Perry on Trusts, sec. 146.

The presumption thus arising may be rebutted or supported by evidence of antecedent or contemporaneous acts, facts or circumstances, connected with the purchase, or so immediately thereafter as to be fairly considered a part of the transaction itself. Cases, *supra; Robinson* v. *Robinson,* 45 Ark. 484; Perry on Trusts, sec. 147.

Are the facts presented by the record in this case sufficient to overcome the presumption, attaching to the conveyance in question, that the same was intended by appellant as an advancement to his wife?

The complainant's bill alleges that at the time of the purchase of said real estate, he was closely engaged in business, and, not having time to attend to the details thereof, entrusted the same to his wife, Adelaide Smith; that it was the intention to have the title to said real estate taken in complainant's name, but he discovered afterward that it had been taken in the name of his wife; that his wife knew all the time that the same belonged to and should have been taken in the first instance in the name of complainant. These allegations are evidently intended to impute fraud and artifice, upon the part of appellant's wife, in taking the deed to the property, and indirectly and inferentially charge that she being entrusted "to attend to the details of said purchase," surreptitiously procured said deed to be made to herself as grantee, instead of to her husband, the appellant. Admitting that these allegations amount to a substantial charge of fraud, or to any other statement of fact, sufficient, if sustained by the evidence, to over-

throw the presumption attaching to the conveyance, the bill is not borne out and supported by the evidence in the case.

It is clear to our minds, from the evidence in the record, that from the time Mr. Calhoun's connection with the negotiations ceased, no one had anything to do with the purchase, other than appellant himself, until the day the transaction was closed. Mr. Calhoun, in his testimony, leaves the appellant to go ahead, and carry on the negotiations for the purchase already inaugurated by his apparently disinterested instrumentality. The appellant procured the abstract of title, which it is reasonable to presume he obtained from or through Mr. White, agent of the grantor, the insurance company, and took the same to his attorney for examination. Afterward the appellant took a mortgage, made out by Mr. White to secure $800 of the purchase price, to said attorney to examine. Appellant and his wife subsequently called at the attorney's office and signed the mortgage and acknowledged it before him, Mrs. Smith signing the mortgage, four principal notes and twenty interest coupons first, and appellant signing after her, under the direction of appellant's attorney. Appellant then handed a check of $675 to said attorney, and directed his wife and said attorney to go to White's office and close the transaction.

Appellant, instead of trusting the details of the purchase to his wife, performed every act, ordinarily incident to the purchase of real property, and his wife does not appear in the transaction in any essential particular, if at all, until the day the purchase is closed. All the connection then shown consisted in her executing the notes and mortgage and going with the attorney to turn over the same and the check to Mr. White, and obtaining the deed which was executed ready for delivery.

The deed and its acknowledgment in Hartford, Conn., the mortgage, notes and interest coupons all bore date October 1; the transaction was closed December 1, prior to which latter date there is not a scintilla of evidence showing or tending to show that appellant's wife had any connection, directly or

indirectly, with the purchase of the property. Undoubtedly, if the wife, by fraud or wrongful act against the intention of the husband, had obtained the conveyance to be made in her name, the presumption of an advancement would be rebutted, and the presumption that she held in trust arise. Perry on Trusts, sec. 148, and cases cited. But there is absolutely no evidence tending to sustain the allegations of the bill in that regard. It may be that the death of White and of Mrs. Smith, and the consequent disqualification of appellant, renders it impossible to show the true state of the case.

The burden being upon appellant, he must establish the necessary facts, either by direct proof of a contrary intention, or of facts and circumstances which will overcome and rebut the presumption. The presumption of fact, where the deed is made to the wife, that it was intended as a gift or advancement, must prevail until overcome or rebutted by proof of such facts and circumstances as will satisfy the conscience of the chancellor that the conveyance was in fact taken to the wife for the benefit of the husband. In this case, independently of the proof that the consideration was paid by the husband, there is evidence of no fact or circumstance, as we read the record, inconsistent with the presumption. Indeed, the only competent evidence in the record tends to show that the husband had the deed made to the wife, and that he recognized the title to be in the children of the wife after her death intestate. It is unnecessary, therefore, in this case to consider the many authorities cited where an attempt has been made to lay down a rule as to the measure and *quantum* of evidence necessary to overcome the presumption of a gift or advancement. The burden is, at least, on the party holding the affirmative, to make out his case and show that an advancement was not intended. Perry on Trusts, secs. 145–152, and cases *supra*.

The decree dismissing the bill was properly entered and must be affirmed.

*Decree affirmed.*