THOMAS BACHSEITS, Appellee, *vs.* KARL LEICHTWEIS *et al.*
Appellants.

*Opinion filed December 17, 1912.*

1. TRUSTS—*presumption that a conveyance to wife was a gift is not conclusive.* The presumption that where title to land purchased with the husband's money is taken in the wife's name the conveyance is a gift is not a conclusive one, but it may be overcome by clear parol proof showing that it was not the intention of the parties that the conveyance was to be so considered, and if such proof is made the wife will be held to be a trustee.

2. SAME—*when a resulting trust in favor of husband is established.* Clear proof that the purchase money for land conveyed to the wife was paid by the husband from his own funds, in accordance with contracts he had himself made; that he took possession immediately, improved the property, paid for the improvements, paid the taxes and assessments, leased the premises and collected the rents and used them as he saw fit, continuing to exercise dominion over the property until the death of his wife, who never claimed to own the property but expressly stated that it was her husband's, establishes a resulting trust in favor of the husband as against relatives of the wife.

3. SAME—*acts and admissions showing intention need not be contemporaneous with transfer.* The acts and admissions relied upon to show that a conveyance to the wife of property purchased with the husband's money was not intended by the parties to be a gift to the wife need not have been contemporaneous with the purchase and transfer, but such intention may be established by the admissions of the wife made subsequent to the execution and delivery of the deeds and the payment of the purchase money.

4. APPEALS AND ERRORS—*when a chancellor is presumed not to have considered incompetent evidence.* If there is sufficient competent evidence in the record to sustain the decree, it will be presumed, on appeal, that the chancellor did not consider any incompetent evidence that may have been given.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EDWARD R. LITZINGER, for appellants.

WILSON, MOORE & MCILVAINE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the superior court of Cook county by Thomas Bachseits against Karl Leichtweis and other relatives of his deceased wife, Margaretha Bachseits, to have a resulting trust declared in his favor in two tracts of land situated in the city of Chicago, known as No. 123 Lincoln avenue and Nos. 1902-4-8 Deming court, the legal title to which stood in the name of his wife at the time of her death, which occurred on September 1, 1906. Answers and replications were filed and the cause was referred to a master in chancery to take the proofs and report his conclusions. The master took the proofs and filed a report, in which he recommended that a decree be entered in accordance with the prayer of the bill, which, after exceptions had been overruled to the master's report, was done, and an appeal has been prosecuted to this court.

It appears from the pleadings, proofs and master's report that about the year 1886 the complainant, Thomas Bachseits, who was of German birth and a tailor by trade, married Margaretha Zimbrich, also of German birth, in the city of Chicago; that at the time of his marriage neither of the contracting parties had any property; that the complainant was employed at his trade at $40 per week; that on June 27, 1894, the complainant purchased of William Horner the premises located at No. 123 Lincoln avenue for the sum of $7500 and paid thereon $500 in cash, which apparently represented his accumulations up to that time, and caused the legal title to said premises to be conveyed to his wife and secured the deferred payments by his wife's notes, secured by a mortgage upon the purchased premises, which were signed by himself and wife; that about the time said premises were purchased the complainant opened a dyeing and cleaning establishment upon the premises and with his wife lived in the rear part of the building located thereon; that while the business was carried on in the name of the complainant he and his wife both worked in the business,

and soon he opened places of business of the same character at two other places in the city of Chicago; that his success was such that he soon paid off the $7000 encumbrance on the property and made a new loan thereon of $6000, which he used to improve the property; that this was also paid off out of his business, and on the 29th day of August, 1901, he purchased the property known as Nos. 1902-4-8 Deming court, for which he agreed to pay $11,000; that he paid $6000 in cash on the property at the time of the purchase and took the title in his wife's name and secured the deferred payments with her notes, secured by a mortgage on the premises, for $5000, which they both signed; that the encumbrance was paid off out of the complainant's business, and he afterwards made a new loan thereon and put a flat-building upon the premises which cost $22,000, which last loan was paid by the complainant out of his business prior to his wife's death; that after the death of the wife her brothers and sisters and the children of a deceased brother claimed one-half of said properties in fee under the laws of descent of this State, and this bill was filed to establish a resulting trust in favor of the complainant, on the ground that he had paid for the properties with his own funds and that he had had the title placed in his wife's name for convenience, and with the implied, if not expressed, understanding that she would hold the title in trust for him and convey the same to him upon request.

The evidence shows that the complainant made the contracts for the purchase of both of said properties; that he paid the purchase money therefor out of his own funds; that he made and paid for all improvements which were placed upon said properties; that he paid all taxes and assessments which were levied upon the properties; that he leased the properties, or portions thereof, in his own name and collected the rents and used the same as he saw fit; that his wife, from the time of the purchases, never claimed either of said properties or exercised any dominion over the

same, but on numerous occasions referred to them as belonging to her husband and said they were controlled by him and she had nothing to do with them, and at least on one occasion, when reference was made to the fact that the title to said properties was in her name, stated that made no difference,—that they belonged to her husband and were controlled by him and he could do as he chose with them. We are of the opinion that under the facts in this case as disclosed by the record the chancellor did not err in decreeing that the complainant was the equitable owner of said properties and entitled to a decree establishing in him the legal title thereto as against the heirs of his deceased wife.

The law is well settled that where property is purchased and paid for with the money of one person and the title to the property so purchased and paid for is taken in the name of another person as between parties who are strangers to each other, the law will presume, from those facts alone, as between the parties, that the grantee holds the title to the property in trust for the party furnishing the purchase money. (*Smith* v. *Smith,* 144 Ill. 299; *VanBuskirk* v. *VanBuskirk,* 148 id. 9.) If, however, the title is taken in the name of the wife or of a child of the party furnishing the purchase money such presumption does not arise, but it will be presumed that the conveyance to the wife or child was made as a gift or advancement. Such presumption, however, is not conclusive, but may be rebutted by circumstances which may be established by parol proof which is clear and satisfactory, and which shows that it was not the intention of the parties to such transaction that the transfer should be considered and treated as a gift or advancement, and if such proof is made, the wife or child will be held to be a trustee for the husband or father furnishing the purchase money. *Taylor* v. *Taylor,* 4 Gilm. 303; *Adlard* v. *Adlard,* 65 Ill. 212; *Wormley* v. *Wormley,* 98 id. 544; *Johnston* v. *Johnston,* 138 id. 385; *Smith* v. *Smith, supra; Goelz* v. *Goelz,* 157 Ill. 33; *VanBuskirk* v. *VanBuskirk, supra; Pool* v.

*Phillips,* 167 Ill. 432; *Dorman* v. *Dorman,* 187 id. 154; *Skahen* v. *Irving,* 206 id. 597.

It is urged that the rule thus announced should not be applied here, as it is said the acts and admissions proven in this case, which show it was not the intention of the complainant to have said properties transferred to his wife as gifts or advancements, were not contemporaneous with the conveyances whereby the title to said properties was vested in her, and for that reason they were incompetent evidence. The evidence shows that the purchase money of both properties was paid by the complainant in accordance with contracts made at the date of the purchases; that he took possession of said properties immediately after their purchase and proceeded to improve them, and continued to exercise dominion over them from the dates of the respective purchases until the date of his wife's death, and that his wife never claimed to own either of said properties but on numerous occasions spoke of the properties as belonging to her husband.

The principal facts necessary to establish a resulting trust were that the husband paid the purchase money and caused the legal title to the property to be conveyed to his wife. These facts were contemporaneous with the purchases and formed the basis for the establishment of a resulting trust. The only other fact necessary to the establishment of the trusts, the grantee in the deeds being the wife of the complainant, was the intention of the parties that the deeds were not to operate as gifts or advancements but that the grantee took the title conveyed by the deeds, in trust for the benefit of her husband. This latter element in the case might properly be established by the admissions of the wife made subsequent to the execution and delivery of the deeds and the payment of the purchase money. "Whether a purchase in the name of the wife or a child is an advancement or not is a question of pure intention." *Wormley* v. *Wormley, supra.*

The facts in this case are substantially like the facts in *Pool* v. *Phillips, supra,* and *Dorman* v. *Dorman, supra,* and those cases, as well as the other cases cited, we think control this case.

The evidence shows that the complainant was the father of no children by his deceased wife; that at the time of her death she held the title to the greater bulk of his estate; that their relations had always been very harmonious and confidential, and we are not impressed with the argument that the complainant intended, in view of the facts disclosed by this record, at the time he caused said deeds to be made to his wife, to place the title of his property entirely beyond his control, or that she received said deeds with the intention that in case of her death the complainant should be deprived of his estate, which represented the accumulations of many years of economy and industry, and that the same should go to his wife's relatives, who, as the evidence discloses, were strangers to him. In *Skahen* v. *Irving, supra,* the court said (p. 607) : "While it is true that the placing of property by a husband or father in the name of a wife or child is ordinarily presumed to be an advancement or settlement, yet in a case like the one at bar, where the record discloses that the earnings and income were large and the investments of an unusual character, and where to indulge the presumption that the placing of the properties in the name of the wife or child was a gift would have the effect of stripping the husband and father of all his property and leave him at an advanced age penniless, and at the same time leave other children, having equal claims upon him, wholly without recognition or a prospect of receiving any portion of his estate, such facts, alone, strongly tend to rebut such presumption. * * * Mr. Perry, in his work on Trusts, (5th ed. sec. 146,) thus states the rule: 'If there is any circumstance accompanying the purchase which explains why it was taken in the wife's or child's name, and shows it was not intended to be an advancement but was

intended to be a trust for the husband or father, the presumption of an advancement will be rebutted and the inference of a trust will be established.' * * * In *Pool* v. *Phillips, supra,* we said (p. 442) : 'It has been uniformly held, whenever the question has arisen, that the gift of a husband's or father's entire estate to a wife or child, by way of advancement, is unreasonable.'" In *Dorman* v. *Dorman, supra,* on page 159, it was said : "The controlling question in this case is, did Martin L. Dorman, at the time he caused the title to this land to be placed in his wife, intend to make an absolute gift of the property to her, or was it his purpose that she should simply hold the title for him? * * * It clearly appears from competent and credible evidence that Martin L. Dorman took possession of the property almost immediately after the purchase; that he made permanent and lasting improvements, paid the taxes and after a time occupied it with his family as a home; that he at all times controlled and managed it as his own and that his wife recognized his right so to do. * * * We think these facts, taken in connection with the admission of the wife that she held this property in trust for the benefit of her husband, and the further fact that this property, at the time of the conveyance, constituted the bulk of his estate, sufficient to rebut the presumption of an advancement."

It is urged that the trial court erred in allowing the complainant to testify as a witness in his own behalf. He testified mainly to matters which occurred subsequent to his wife's death, and as the evidence is sufficient to support the decree without the consideration of the complainant's testimony, we will presume the chancellor disregarded any incompetent testimony given by the complainant. The court did not commit reversible error in permitting the complainant to testify as a witness in his own behalf.

It is also urged that the conveyances were made to the wife for the purpose of hindering and delaying the complainant's creditors, and that a court of equity should leave

him where it finds him and deny him all relief. The evidence shows the complainant was a prosperous business man, and does not sustain the charge that the conveyances were made to his wife for a fraudulent purpose. In any event, there is no such charge made in the pleadings or such issue presented for trial. The charge that the conveyances were fraudulent is not sustained. *Crone* v. *Crone,* 180 Ill. 599; *Dorman* v. *Dorman, supra.*

Finding no reversible error in this record the decree of the superior court will be affirmed.          *Decree affirmed.*