GERTRUDE ELLIOTT, Appellant, *vs.* GOODIE J. PRATER *et al.* Appellees.

*Opinion filed October 28, 1913.*

HUSBAND AND WIFE—*when presumption that conveyance was a gift is rebutted.* Where land upon which the husband and wife reside is conveyed to the wife by the grantor, who had previously contracted to convey it to the husband, it will be presumed the conveyance was made by the husband's direction or with his consent and that it was intended as a gift or advancement to the wife; but this presumption is rebutted by proof that the husband continued in possession and control of the property, improved it, paid the taxes and used the income, and that the wife paid nothing, exercised no control over the property, and stated in conversations with third persons that she did not own the property but that it belonged to her husband.

APPEAL from the Circuit Court of Christian county; the Hon. A. M. ROSE, Judge, presiding.

W. B. McBRIDE, for appellant.

TAYLOR & TAYLOR, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Gertrude Elliott, filed her bill in the circuit court of Christian county for the partition of 120 acres of land therein described. The bill alleges the land was owned in fee by Anna P. Goodrich, who died intestate December 24, 1905, leaving surviving her a husband, Charles F. Goodrich, and as her children and only heirs-at-law William A. Goodrich, Goodie J. Prater and appellant. The bill alleges appellant became the daughter of Anna P. Goodrich and her husband by adoption by order and decree of the county court of Christian county in 1891, in a proceeding by said Anna P. and Charles F. Goodrich for the adoption of appellant. The bill alleges that upon the death of Anna P. Goodrich the other two children and appellant each in-

herited an undivided one-third of the premises, subject to the right of the surviving husband; that in March, 1907, William A. Goodrich died testate, and by his will devised all his interest in said lands to his father, who died testate May 21, 1909, and by his will devised all interest he owned in the premises sought to be partitioned, to Goodie J. Prater, subject to the life estate of his widow, he having married again after the death of Anna P. Goodrich. The bill alleges appellant is still the owner of the undivided one-third interest inherited from her adoptive mother and that Goodie J. Prater is now the owner of the undivided two-thirds of said premises, and prays for partition and an accounting for rents and profits. The answer of defendants was also in the nature of a cross-bill and was so considered and treated by court and counsel at the hearing. Defendants denied that Anna P. Goodrich was the owner, at the time of her death, of the land sought to be partitioned, or that she had any interest therein except that she held the naked legal title in trust for Charles F. Goodrich, who was the equitable owner thereof. They also denied that appellant was the adopted daughter of Anna P. and Charles F. Goodrich, and aver that the proceedings in the county court set up and relied upon by appellant to establish her claim of adoption were void and of no effect, for the reason that the county court had no jurisdiction to enter said order and decree. It appears from the averments of the answer that after the death of Anna P. Goodrich, the son, William A., and the daughter, Goodie J. Prater, made conveyances of all their interest in the 120 acres of land to their father, Charles F. Goodrich, and he conveyed to them each 60 acres, in severalty, of said premises, subject to a life estate in himself. The conveyances of the son and daughter to their father are alleged to have been made for the purpose of quieting the grantee's title by vesting in him the legal as well as the equitable title. By the will of William A. Goodrich, who died before his father, he de-

260 —.5

vised his lands to his father, and the father devised them
upon his death to the daughter, Goodie J. Prater, who
claims she thereby became the owner in fee simple of the
whole of said 120 acres of land. The answer avers that
the appellant, never having been adopted by the Goodrichs,
took no interest in the land upon the death of Anna P.
Goodrich. As the answer prayed some affirmative relief it
was treated as a cross-bill and as such was answered by ap-
pellant. Her answer denies that Anna P. Goodrich held
the title to the land as trustee for her husband, and alleges
that Goodie J. Prater and the widow of Charles F. Good-
rich are estopped from denying the validity of the adoption
proceedings and from asserting that Anna P. Goodrich held
the title to the land in trust for her husband. The cause
was heard before the chancellor, and he found that Goodie
J. Prater is the sole owner, in fee simple, of the premises
sought to be partitioned, subject to the rights of Anna M.
Goodrich, the widow of Charles F. Goodrich, in a portion
thereof, and declaring that appellant, Gertrude Elliott, had
no right, title or interest to or in said premises or any por-
tion thereof, and dismissing the bill at her cost. She has
prosecuted this appeal from that decree.

The first question to be determined is whether Anna
P. Goodrich was the owner of the land at the time of her
death, or whether she was a trustee, holding the title in
trust for her husband. There is no controversy in the tes-
timony as to how the title was acquired. In 1888, and
prior thereto, the father of Charles F. Goodrich owned a
farm of 240 acres in Christian county, of which the 120
acres in controversy were a part. In the year 1888 he
entered into an agreement with Charles F. to convey to
him the premises sought to be partitioned, for $40 per
acre. At the same time he entered into a similar agreement
with another son to convey to him the other 120 acres of
the farm. No cash payment was made by Charles F. and
no deed was made, but a bond or other writing was given

him and he was at once given possession of the land. Part of the agreement between him and his father was that the father would accept corn at thirty cents per bushel in payment of interest. There were no buildings on the land, and Charles F., with money he received from the sale of a piece of town property and $1000 realized on an insurance policy, erected a dwelling and other buildings on the premises and occupied them until after the death of his first wife, Anna P. Goodrich. Before her death, with his own money, a part of which, at least, was inherited from his father, he repaired and enlarged the dwelling, making it an eleven room, two-story building, with attic. He also made other improvements on the premises. There is no proof that he ever paid his father anything for the land except four years' interest. In 1889, the father then being old and feeble, concluded to make conveyances of the land. The other son had traded his 120 acres to his father for land in Kansas and the father made a deed to him for the Kansas land. He made a deed for the land he had contracted to Charles F. to the latter's wife, Anna P. Goodrich. She never paid anything whatever for the land or the improvements placed upon it, or the taxes, and never claimed to be the owner of it. It was managed and controlled by her husband, who improved it, paid the taxes thereon, appropriated the rents and income therefrom and disposed of the same as he saw fit. Mrs. John B. Jones, a sister of Anna P. Goodrich, testified she visited Mrs. Goodrich in 1900 or 1901 and that Mrs. Goodrich told her she did not own the land,—that the title was placed in her name by her father-in-law to hold in trust for her husband. Goodie J. Prater testified she came from her home in Kansas and visited with her mother for about six weeks, not a great while before her mother's death; that she spoke to her mother once about making a will and disposing of the land, but Mrs. Goodrich said she didn't feel she had a right to do so; that the land was her husband's; that it came to him from his father.

While there is no direct evidence upon the subject, we must assume or infer from the facts proven that the deed was made to Mrs. Goodrich by the direction, or at least with the consent, of her husband, and on account of their relationship the presumption arises that the conveyance was made to the wife as a gift or advancement by the husband. This presumption is not conclusive but may be rebutted by facts and circumstances showing that it was not the intention of the parties at the time that the conveyance should be considered as a gift or advancement. Cases of like character as the case at bar and similar in their principal facts have often been before this court. A resume of the decisions in former cases will be found in the late case of *Bachseits* v. *Leichtweis*, 256 Ill. 357, where it was said: "The law is well settled that where property is purchased and paid for with the money of one person and the title to the property so purchased and paid for is taken in the name of another person, as between parties who are strangers to each other the law will presume, from those facts alone, as between the parties, that the grantee holds the title to the property in trust for the party furnishing the purchase money. (*Smith* v. *Smith*, 144 Ill. 299; *VanBuskirk* v. *VanBuskirk*, 148 id. 9.) If, however, the title is taken in the name of the wife or of a child of the party furnishing the purchase money such presumption does not arise, but it will be presumed that the conveyance to the wife or child was made as a gift or advancement. Such presumption, however, is not conclusive but may be rebutted by circumstances which may be established by parol proof which is clear and satisfactory, and which shows that it was not the intention of the parties to such transaction that the transfer should be considered and treated as a gift or advancement, and if such proof is made, the wife or child will be held to be a trustee for the husband or father furnishing the purchase money." Following this statement the court cites numerous previous decisions. We shall refer to but

one of them,—*Dorman* v. *Dorman,* 187 Ill. 154. In that case the husband paid for land and had the deed made to his wife. After her death some of her heirs sought to partition it, and the husband claimed she was not the owner of the land but held it in trust for him. The court said: "It clearly appears from competent and credible evidence that Martin L. Dorman took possession of the property almost immediately after the purchase; that he made permanent and lasting improvements, paid the taxes and after a time occupied it with his family as a home; that he at all times controlled and managed it as his own, and that his wife recognized his right so to do, and at least on one occasion stated that the land was deeded to her in trust and that she intended to deed it back to her husband; that this property constituted the principal part of his entire estate and that he had a family of small children dependent upon him for support. The facts that the husband may have taken possession of the land, improved it, paid the taxes thereon and occupied it with his wife as a homestead would not be sufficient, alone, to overcome the presumption of a gift, for the reason there is nothing in these facts inconsistent with the theory of an advancement; still, we think these facts, taken in connection with the admission of the wife that she held this property in trust for the benefit of her husband, and the further fact that this property, at the time of the conveyance, constituted the bulk of his estate, sufficient to rebut the presumption of an advancement."

We do not see anything to distinguish this case from the cases quoted from, and we are of opinion that upon this ground the circuit court correctly held appellant owned no interest in the premises sought to be partitioned and dismissed her bill. It is unnecessary, therefore, to pass upon the validity of the adoption proceedings in the county court.

The decree is affirmed.                    *Decree affirmed.*