# CHARLESTON.

## HIX v. SCOTT, ADMINISTRATOR. ·

Submitted September 11, 1917.    Decided September 25, 1917.

1. GIFTS—*Gifts· to Son—Question for Jury.*

   When a father is old and infirm, and the money or ·other property given by him to his son constitutes his whole estate, and the circumstances surrounding the transaction are such as tend to rebut the presumption of a gift, the question of fact is one which should be submitted to · the jury, and in such cases it is error to direct a verdict for defendant. (p. 729).

2. MONEY RECEIVED—*Money Lent—Recovery—Common Counts in Assumpsit.*

   When money has been obtained by a son from his father, in consideration of promises unfulfilled, and which in equity and good conscience he should refund, or as a loan, the same may be recovered upon the common counts in assumpsit with bill of particulars filed, as for money had and received by defendant for the use of the plaintiff, or for money lent to him by plaintiff, as the fact may be disclosed by the evidence. (p. 730).

`Error to Circuit Court, Raleigh County.

Action by William Hix against Clayton Scott, administrator, etc. Judgment for defendant on a directed verdict, and plaintiff brings error.

*Reversed and remanded for a new trial.*

*File & File,* for plaintiff in error.·

*C. M. Ward* and *A. P. Farley,* for defendant in error.

MILLER, JUDGE:

In assumpsit, plaintiff sued ·his son, who dying pending the suit, it was continued against his administrator, to recover the sum of eight hundred and forty five dollars, with accrued interest.

The declaration contained the common counts, including counts for money lent by plaintiff to defendant, and money had and received by defendant for plaintiff's use, etc.; and also a special count alleging a contract between plaintiff and his son, whereby the latter in consideration of the said sum of money agreed to maintain and support plaintiff during the term of his natural life, and a breach of said contract by him, and whereby he had sustained damages in the sum sued for. A bill of particulars was filed covering these items, one item claiming that for the breach of his contract to maintain and support plaintiff defendant was bound to refund him the money paid therefor as aforesaid, and another for money loaned him. On the theory of money had and received there should probably have been an item covering that subject. Section 11, chapter 125, Code.

The only plea was non-assumpsit, and on the trial before the jury, after plaintiff had introduced his evidence, defendant offered no evidence, but moved the court to strike out the evidence and direct a verdict for him, which motion the court sustained, and the jury so found, and judgment of nil capiat was pronounced thereon against plaintiff, to review which judgment he procured the present writ of error.

Defendant having died, plaintiff, the only witness to the alleged contract for maintenance and support, was not permitted, by his own testimony, to prove the contract, and the court below manifestly was of the opinion that that theory of the case had not been made out by any competent evidence. Evidence that was competent, however, clearly proved that plaintiff had for many years before the transaction lived in the State of California, that about July, 1914, seventy years of age, infirm in body, paralyzed, partially blind, and utterly dependent upon some one for care and support, he returned to Raleigh County, West Virginia, where defendant resided, bringing with him all his earthly possessions, consisting of between eight and nine hundred dollars in money, which he had accumulated in his absence; that shortly afterwards, he turned at least six hundred and five dollars of this money over to his son, then married, and who therewith and with

other money accumulated by him purchased a farm for two thousand dollars, and at once moved onto the farm, taking his father with him, and where in a half hearted way he continued to support him, for six or eight months, when in midwinter he was turned out of the house by the wife, and has ever since remained an object of charity at the hands of neighbors and friends.  One witness, a neighbor, testified that shortly after the old man was driven off by the wife, the son notified him. not to hold him responsible for anything done for the old man; to another witness, the man from whom he purchased the farm, he said that the old man had chipped in about a thousand dollars to buy the farm; to another, that he and his father had bought the farm.  But the evidence shows that the deed was taken by the son in his own name, and not jointly to him and his father.

It is doubtful whether from the evidence, a contract for support and maintenance could be fairly inferred, so as to carry the case to the jury on that theory.  In argument defendant's counsel rely on the presumption that money or other property so turned over or paid to a child was intended as a gift, and not upon other considerations; but it is conceded that this is a rebuttable presumption. ·

In the case at bar, was the evidence sufficient to rebut the presumption of a gift?  We are cited to good authority for the proposition that when the facts are as shown in evidence here, that money or property has been turned over or paid by father to son, there is no conclusive presumption of a gift, but the question presented is one of fact for the jury.  In 29 Cyc. 1663, we find it stated: ''Whether or not a particular transaction amounted to a gift is a question for the jury.'' In *Bachseits* v. *Leichtweis,* 256 Ill. 357, 100 N. E. 197, it is held that the gift by a father to his son or other relative of his entire estate will be rebutted by slight evidence.  In *Pool* v. *Phillips,* 167 Ill. 432, it is held that: ''The presumption that a conveyance of property to the wife at the instance of the husband is intended as a gift is unreasonable where the property so conveyed consists of the husband's entire estate.''  With respect to tangible property, as slaves,

it has been held, that when the property has been delivered
by father to son, and possession is taken and held by him,
with no direct proof of gift, under circumstances more prob-
ably referable to a loan than to a gift, the proof will not be
deemed sufficient to maintain the title to the property.
*Slaughter* v. *Tutt,* 12 Leigh 147. In *Post* v. *Hagan,* 71 N. J.
Eq. 234, 124 Am. St. Rep. 997, involving an alleged gift by
father to son, the question was whether undue influence had
been used to obtain the gift, and it was decided that when
a child upon whom the parent has become dependent accepts
a gift from the parent of all of his or her estate, a court of
equity, moved by the apparent improvidence of the gift, pre-
sumes that the donor did not appreciate the character or con-
sequences to himself of his act, and casts upon the donee
the burden of showing that the donor had the benefit of
proper independent advice.

. It is true, as counsel for defendant argue, that the simple
giving of a check or payment of money, by father to son,
or by one person to another, is presumptively done in pay-
ment of the debt or other obligation, but we think that upon
principle, as well as authority, where such check or payment
is given under circumstances such as disclosed in this case,
the facts should be submitted to a jury, whether a gift or a
loan of the money was intended, wherefore we are of opinion
that the court below erred in directing a verdict for the
defendant.

· It is argued for the defendant that recovery cannot be had
upon the special or upon the common counts in assumpsit.
If the jury should find that the transaction between father
and son was that of a loan, not a gift, the pleadings are suffi-
cient to admit the proof, and if covered by a bill of particu-
lars for money had and received, proof of a contract for
maintenance and support and. a breach of that contract,
would support the common count for money had and received.
Mr. Greenleaf, 2 Greenleaf on Evidence, section 117, page
100, says: ''The count for money had and received, which
in its spirits and objects has been likened to a bill in equity,
may in general be proved by any legal evidence, showing
that the defendant has received or obtained possession of the

money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff.'' And in section 118, of the same work, the writer says: ''In regard to things treated as money, it has been held that this count may be supported by evidence of the defendant's receipt of bank-notes; or promissory notes; or credit in account, in the books of a third person; or a mortgage, assigned to the defendant as collateral security, and afterwards foreclosed and bought in by him; or a note payable in specific articles; or any chattel.''

For the foregoing reasons we are of opinion to reverse the judgment, and remand the case to the circuit court for a new trial.

*Reversed and remanded for a new trial.*