People of the State of Illinois, ex rel. Frank M. Bryant, et al., Relators-Appellants, v. Elizabeth Williams, Defendant-Appellee.

Gen. No. 50,504.

First District, First Division.

January 31, 1966.

Washington, Durham, Kennon, Bryant and Hunter, of Chicago (Clarence Bryant, of counsel), for relators-appellants.

Pease & Ford and Stansell, Rahn & Fleming, of Chicago (Kenart M. Rahn, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a habeas corpus proceeding for the custody of a minor child, commenced in the Circuit Court of Cook

County. The determinative question is whether this court has jurisdiction to review the order of the circuit court on appeal.

Prior to the adoption of the new Judicial Article (Article VI, Constitution of Illinois, effective January 1, 1964), the appellate court reviewed habeas corpus proceedings for the custody of a minor child on appeal from the trial court. In ILP, Habeas Corpus, § 41, it is said:

> "A final order in habeas corpus proceedings for the custody of a child is subject to review. The appellate Court may review the proceedings on an appeal from the Circuit Court, but, in accordance with the general rule that a direct appeal lies to the Supreme Court where a substantial constitutional question is involved, as discussed in ILP Courts § 161, a direct appeal to the Supreme Court from the Circuit Court may be taken in a habeas corpus proceeding pertaining to the custody of a child where a constitutional question is involved."

Section 5 of Article VI, now effective, provides:

> "The Supreme Court may exercise original jurisdiction in cases relating to . . . habeas corpus. . . .
>
> "Appeals from the final judgments of circuit courts shall lie directly to the Supreme Court as a matter of right only . . . (c) in cases of habeas corpus. . . ."

Supreme Court Rule 28–1 provides:

> "(A) Appeals from the final judgments of circuit courts shall be taken directly to the Supreme Court: . . . (c) in cases of habeas corpus, . . . ."

Although the purpose of the new Judicial Article seems clearly to have been to relieve the Supreme Court "of the bulk of its mandatory appellate jurisdiction and

335

to establish instead a basic pattern of discretionary review of determinations of the Appellate Court" (First Nat. Bank & Trust Co. v. Evanston, 30 Ill2d 479, 481, 197 NE2d 705 (1964)), the foregoing excerpts from the new Judicial Article and the Supreme Court Rules indicate that jurisdiction in *all* habeas corpus proceedings, original and on appeal, has been withheld from this court without exception.

For the reasons given, and pursuant to Supreme Court Rule 47, it is ordered that this appeal be transferred to the Supreme Court of Illinois.

Appeal transferred to the Illinois Supreme Court.

KLUCZYNSKI, P. J. and BURMAN, J., concur.