(No. 39869.—

THE PEOPLE *ex rel.* Frank M. Bryant *et al.,* Appellants, *vs.* ELIZABETH WILLIAMS, Appellee.

*Opinion filed September 23, 1966.*

WASHINGTON, DURHAM, KENNON, BRYANT & HUNTER, of Chicago, for appellants.

PEASE & FORD and STANSELL, RAHN & FLEMING, all of Chicago, (KENART M. RAHN, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This *habeas corpus* proceeding was instituted in the circuit court of Cook County by Frank M. Bryant and Aslean Bryant to recover the custody of a five-year-old child from the respondent, Elizabeth Williams, the child's mother. The petition alleged the child was "detained and unlawfully restrained of her liberty" by her mother; that the mother "abandoned and deserted said child for a period of and in excess of five years (sic) and said mother is therefore unfit to have the care and custody of her said child;" and that the mother left the child with the petitioners "on or about August 18, 1959 and has not paid, promised to pay or attended to any of the maintenance and support of said child since the date aforesaid." The petition also alleged that petitioner "Frank M. Bryant has had the care and custody of the child since August 18, 1959, and has provided all of the said child's maintenance and support," and that the mother "did not inquire (sic) or seek custody of the child" until December 1964 and January 1965.

The court heard evidence, found that the child had not been abandoned or deserted by her mother, and dismissed the action. The petitioners appealed to the appellate court, which transferred the cause to this court. (68 Ill. App. 2d 334; see Const., art. VI, sec. 5.) The judgment is attacked upon the ground that it is contrary to the weight of the evidence.

The respondent's husband died June 8, 1958. The child was born August 7, 1959. When the respondent was released from the hospital after the birth of the child, she took her to the home of Aslean Bryant, who was then living with Frank Bryant. At the end of a two-week period of recuperation, the respondent returned to her own home and enrolled in a school for beauty operators. At that time and until the hearing in this case the respondent maintained a

home for her own older child and for a foster child for whose care she received the sum of $75 per month. Aslean Bryant testified that before the respondent returned to her own home she told Aslean Bryant that she could have the child. The child was left with Aslean Bryant. The respondent denied that she ever told Aslean Bryant that she didn't want the baby, and testified that she left the baby with Aslean Bryant on a temporary, indefinite, basis. "I knew some day that she would be in my home."

The petitioners and the respondent were close friends both before and after the birth of the child. They frequently visited back and forth and the respondent came to see the child and took her home with her overnight on many occasions. No definite agreement existed as to the child's support. Aslean Bryant testified that she and Frank Bryant provided most of it, and the respondent testified that "I gave her [Aslean Bryant] money when I had it," and that she bought the child clothing. This arrangement continued until after Aslean Bryant had obtained a divorce from her former husband in March of 1964 and had married Frank Bryant. Thereafter the Bryants requested the respondent to sign a consent to the adoption of the child by them. Respondent refused.

In the record there are several references to an adoption proceeding which appears to have been instituted by the Bryants, based upon an allegation that the whereabouts of the child's mother were unknown and that the child had been abandoned or deserted. No part of the record in the adoption case is included in this record, and the attorney for the petitioners objected to questions designed to elicit the facts concerning that proceeding. It is clear from the record, however, that the adoption proceeding did not terminate in a decree of adoption.

It is unnecessary to discuss the testimony in further detail, or to consider other contentions advanced by the respondent. While the mother's conduct was unusual, the trial

court's conclusion that it fell short of abandonment or desertion was fully supported by the evidence.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*