Alan Kniznik, Petitioner, Cross-Respondent, Appellee, v. Enid Quick, Respondent, Cross-Petitioner, Appellant.

Gen. No. 52,748.

First District, Third Division.

March 6, 1969.

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

Synek, Bishart & Solomon, of Chicago (Henry T. Synek, of counsel), for appellant.

Maurice L. Marcus and Melvin A. Weinstein, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a petition for habeas corpus the petitioner alleged that he was entitled to the custody of his minor son Richard Jay Kniznik by virtue of a Massachusetts divorce decree and that Richard was being unlawfully detained by the respondent in her home in Homewood, Illinois. Respondent filed a cross-petition in which she asked the court to modify the Massachusetts decree to change custody from the petitioner to herself. The court entered an order granting the petition for habeas corpus and denying the cross-petition for modification of the decree. Respondent has appealed from that order to this court.

Neither the respondent nor the petitioner has questioned the jurisdiction of this court to review an order entered in a habeas corpus proceeding. We find nevertheless that the determination of that issue is a prerequisite to our taking jurisdiction. Supreme Court Rule 302(a) provides:

> "(A) Appeals from the final judgments of circuit courts shall be taken directly to the Supreme Court . . . (3) in cases of habeas corpus. . . ."

The court interpreted this rule in People ex rel. Bryant v. Williams, 68 Ill App2d 334, 216 NE2d 262, and held that "the new Judicial Article and the Supreme Court Rules indicate that jurisdiction in *all* habeas corpus proceedings, original and on appeal, has been withheld from this court without exception." That case also involved child custody. The Supreme Court apparently agreed since it accepted the transfer of the case from the Appellate Court. People ex rel. Bryant v. Williams, 35 Ill 2d 372, 220 NE2d 177.

Our court is without jurisdiction to hear the appeal in the instant case and it is transferred to the Supreme Court pursuant to Rule 365.

Appeal transferred to the Illinois Supreme Court.

SULLIVAN, P. J. and DEMPSEY, J., concur.