PATRICK SMITH *et al.*, Plaintiffs-Appellees, *v.* LEMONT FIRE PROTECTION DISTRICT *et al.*, Defendants-Appellants.

Third District No. 76-61

Opinion filed January 11, 1977.

William J. Harte, Ltd., of Chicago, for appellants.

Thomas, Wallace, Feehan & Baron, Ltd., of Joliet, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Will County and stems from an action brought by 13 part-time volunteer firemen, hereinafter referred to as the plaintiffs, against the Lemont Fire Protection District and its Board of Trustees, hereinafter referred to as the District. The plaintiffs sought a temporary restraining order, preliminary injunction and writ of mandamus against the District for their reinstatement as volunteer firemen for the District on the theory that they had been suspended and discharged without prior hearing. After several hearings the trial court entered a preliminary injunction and denied the District's motion to dismiss but granted the plaintiffs relief in the form of a permanent injunction which reinstated the firemen and ordered hearings prior to any subsequent suspension.

■■ Several issues are raised by the District in this appeal, but at the outset it should be noted that the plaintiffs-appellees in this appeal have failed to file a brief or take any action regarding this appeal. This court entered a show cause order against the plaintiffs-appellees on October 5, 1976, whereby they were directed to show cause by October 19, 1976, why they had not filed their brief. No response was forthcoming from the plaintiffs-appellees so as a reviewing court we do not have the benefit of any pleadings from the plaintiffs-appellees which set forth their reasoning and authority as to why the judgment of the trial court should be sustained. Where contentions of appellant had not been countered by appellee by the filing of a brief in the appellate court, the appellate court

could accept appellant's contentions as correct and summarily reverse the judgment of the trial court, or if justice seemed to require it, the points raised by the appellant can be examined to ascertain if they merited reversal of judgment. See *Shoemaker v. Edmonds* (1970), 119 Ill. App. 2d 108, 255 N.E.2d 465, and *Perez v. Janota* (1969), 107 Ill. App. 2d 90, 246 N.E.2d 43.

We were initially disposed to examine the District's brief in an effort to determine the issues raised in it; however, on further examination concerning the pleadings in this appeal, we find that the problems presented regarding a disposition of the same are compounded by the fact that no record of the trial court's proceedings have been filed, nor has any abstract or report of proceedings been filed with this court as required by Supreme Court Rule 342. (See Ill. Rev. Stat. 1975, ch. 110a, par. 342; also *Shaw v. Kronst* (1973), 9 Ill. App. 3d 807, 293 N.E.2d 153.) We further note that no oral argument concerning this appeal was requested by any party. The clerk's docket concerning this case shows that on two occasions motions were granted extending time for the filing of an abstract, the last extension terminating on May 26, 1976.

■■ Try as we might, it would be an exercise in futility for a reviewing court to attempt to determine the correctness or incorrectness of the trial court's actions in this case. There is such a dearth of pleadings before this court that we would be groping in the dark if we undertook to consider the issues raised in the only pleading filed, to-wit, the District's brief. Both parties, the plaintiffs and the District, have consistently refused to follow the procedures set forth by our Supreme Court Rules in order to effect an appeal and hence we have no alternative but to dismiss this appeal.

Appeal dismissed.

ALLOY, P. J., and STENGEL, J., concur.