KAY F. COATES, Plaintiff and Counterdefendant-Appellee, *v.* STANLEY G. COATES, Defendant and Counterplaintiff-Appellant.

Third District   No. 77-281

Opinion filed October 25, 1978.

J. Peter Ault, of Bernardi, Ault & Bode, of Pekin, for appellant.

No brief filed for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by Stanley G. Coates, hereinafter referred to as the defendant, from an order of property settlement entered in a divorce proceeding by the circuit court of Tazewell County. Kay F. Coates, the former wife of the defendant, will hereinafter be referred to as the plaintiff.

The plaintiff and defendant were married on July 29, 1967, and lived together until the middle of June 1973. No children were born of the marriage. During the marriage of the parties the defendant was employed full time as a salesman for a drug company and the plaintiff was periodically employed as babysitter, a saleslady and in some capacity for a medical doctor.

The plaintiff filed for a divorce on the grounds of mental cruelty on June 22, 1973. The defendant counterclaimed for divorce on the grounds of mental cruelty and adultery. Both parties filed answers to the respective pleadings of each. Upon the plaintiff wife refusing to answer certain interrogatories, the trial court struck all pleadings filed by her and a decree of divorce was awarded to the defendant husband. Subsequently a property settlement hearing was held and a property settlement order was entered by the trial court. This appeal is concerned only with this order and only with that portion of it that pertains to real property.

■■ In this appeal the only brief filed is that of the defendant husband. It should also be noted that there has been no filing of an abstract or excerpts of record. Where contentions of the appellant have not been countered by the appellee by the filing of brief, a reviewing court could accept appellant's contention as correct and summarily reverse the judgment of the trial court, or if justice requires it, the points raised by the appellant can be examined in order to ascertain their merit. See *Shoemaker v. Edmonds* (1970), 119 Ill. App. 2d 108, 255 N.E.2d 465; *Perez v. Janota* (1969), 107 Ill. App. 2d 90, 246 N.E.2d 42; and *Smith v. Lemont Fire Protection District* (1977), 45 Ill. App. 3d 52, 359 N.E.2d 2.

The common law record and report of proceedings having been filed in this appeal we are therefore able to examine the issue raised by the appellant in order to ascertain whether or not the same has merit. We regret that we do not have the benefit of the countercontentions of the plaintiff-appellee wife.

The property settlement order provided that real property, being rental property located at 1027 South Third Street in Pekin, Illinois, would be the sole property of the plaintiff wife. This parcel was owned by the plaintiff prior to her marriage to the defendant, however, at the time of

the marriage it was encumbered with an indebtedness of $4,000. Within two years after the marriage of the parties the mortgage on the property was paid in full. The property was also improved during the marriage of the parties with a new roof, guttering, windows, driveway, bathroom renovation, and interior and exterior painting. The property settlement order provided that the defendant should have a lien in the amount of $3,200 against the property.

The property settlement order also provided that real property located at 1709 Heisel Avenue, Pekin, Illinois, was to remain vested jointly in the plaintiff and defendant, and rural real property located at Rural Route 2, Pekin, Illinois, was to remain vested jointly in the plaintiff and defendant as joint tenants.

A further recitation of facts and provisions of the property settlement order will be set forth as they become pertinent to the issue raised in this appeal.

It is the defendant husband's contention that the trial court erred in awarding a one-half interest to the plaintiff wife in certain parcels of real estate, to-wit, that property referred to as the 1709 Heisel Avenue property and the Rural Route 2 property.

Directing our attention first to the 1709 Heisel Avenue property, we will set forth some additional facts. This property was purchased by the defendant prior to the marriage of the parties and title to the same was in defendant's name only. The purchase price of the property was $18,000 and this sum was paid by the defendant from proceeds that the defendant realized from the sale of stock and with money borrowed from his mother. The property was not encumbered at the time of his purchase nor at the time of the property settlement hearing. The plaintiff wife did not participate in any way in the purchase of this parcel of real estate. Subsequent to the marriage of the parties title to the property was by agreement placed in both of them as joint tenants. The record discloses that the reason for vesting the title in both the plaintiff and defendant as joint tenants was the defendant's fear that he might be the subject of a law suit related to his employment or the parties felt that by vesting the title jointly they would avoid possible future problems with the defendant's exwife. In any event the real estate was placed in joint tenancy on October 3, 1967. This parcel was rental property from which the defendant received all the rental payments. From the record it is apparent that the plaintiff had no knowledge as to the amount of rent being paid. At the time of the hearing the value of the realty in question was $29,000.

■■ ■ The general rule of law in our State is that when one spouse purchases property in the name of the other or conveys property to the other, it is presumed that a gift or advancement has been made to the receiving spouse. The party making the transfer or gift to a spouse may,

however, rebut the presumption of a gift. If either spouse has by gift been invested with property acquired entirely by the one making the gift the court on divorce of the parties may properly revest the title in the party making the gift, without regard to the question of the gift being voluntary or otherwise. *Bissett v. Bissett* (1941), 375 Ill. 551, 31 N.E.2d 955.

As far as the property referred to as the 1709 Heisel Avenue property is concerned, the evidence clearly supports a finding that it was acquired solely by the defendant and entirely with funds of his or funds acquired by him. The record is barren of any evidence that would establish that the plaintiff in any way contributed to the purchase of this parcel of real estate or its maintenance. It is the defendant's testimony that subsequent to his marriage to the plaintiff he had the title to the property vested in both him and his wife as joint tenants because he was fearful of becoming involved in litigation. The plaintiff did not deny this testimony of the defendant, but instead testified that she did not recall any discussion concerning possible litigation. It was the plaintiff's recollection that the real estate was vested jointly in order to avoid possible problems with the defendant's former wife. We cannot construe the testimony of the plaintiff wife as having the effect of rebutting the defendant husband's testimony to the effect that the conveyance of an interest in the Heisel Avenue property was not a gift. It has been held by our reviewing courts that evidence establishing that a conveyance of an interest in realty was made to avoid potential liability is indicative that the conveyance was not a gift. See *Harnois v. Harnois* (1973), 10 Ill. App. 3d 1062, 295 N.E.2d 511; *Insoda v. Insoda* (1948), 400 Ill. 596, 81 N.E.2d 473.

Our supreme court set forth guidelines to be considered when making a determination whether a conveyance is a gift. Those guidelines are set forth in *Scanlon v. Scanlon* (1955), 6 Ill. 2d 224, 231, 127 N.E.2d 435, 439, wherein it was stated:

"Among the circumstances which tend to rebut the presumption of a gift or advancement, or to show that the presumption is unreasonable, is the fact that the property conveyed consists of the husband's entire estate. (*Pool v. Phillips,* 167 Ill. 432, 442; *Skahen v. Irving,* 206 Ill. 597, 607; *Bachseits v. Leichtweis,* 256 Ill. 357, 362; *Dodge v. Thomas,* 266 Ill. 76, 85.) In *Pool v. Phillips,* 167 Ill. 432, 442, this court observed: 'It has been uniformly held, whenever the question has arisen, that the gift of a husband's or father's entire estate to a wife or child by way of advancement is unreasonable.' Other factors tending to overcome the presumption of a gift where the husband has paid the purchase price, are the making of improvements, payment of taxes and the mortgage debt, occupancy of the premises as a home and a place of business, and the exercise of control and management of the property. *Cook v.*

*Blazis,* 365 Ill. 625, 629; *Bachseits v. Leichtweis,* 256 Ill. 357; *Dorman v. Dorman,* 187 Ill. 154."

In examining the evidence adduced in the instant case in light of the guidelines set forth in *Scanlon* we find that almost all of the circumstances enumerated in *Scanlon* are present in the case before us. We have a situation where the defendant husband paid the purchase price, made improvements, paid taxes, occupied and later rented the premises and maintained complete control and management of the realty. Whether the defendant's or plaintiff's testimony is accepted is immaterial, since both establish that the conveyance in question was made for the purpose of avoiding potential legal problems or liability.

■■ We conclude that as far as the conveyance of the property referred to as 1709 Heisel Avenue is concerned, the presumption that its conveyance to the parties as joint tenants was a gift has been overcome. The trial court's property settlement order should be reversed as to this property and title to the same should revest solely in the defendant husband, Stanley G. Coates.

■■ In examining the record pertaining to the Rural Route 2 Pekin property, we reach a different conclusion. As concerns this real estate, it was purchased during the marriage of the parties, they both pledged personal property in order to secure its purchase and both became potentially liable as mortgagors. The property was used as a residence for the parties and each contributed to its management and maintenance. The evidence establishes that the defendant after his separation from his wife continued to make all the mortgage payments, paid the taxes and made repairs, however, he also continued to reside in the premises. In the light of such a factual situation we do not agree with the defendant that he is entitled to an award of special equities in this real estate. The order of the trial court as to the Rural Route 2 Pekin parcel of realty should be affirmed.

For the reasons set forth the order of property settlement entered by the trial court is affirmed as to the realty known as Rural Route 2 Pekin property, but reversed as to the 1709 Heisel Avenue property, and this cause is remanded to the trial court for the entry of an order regarding this latter property, said order to be consistent with the view expressed herein.

Affirmed in part, reversed in part and remanded with directions.

STOUDER, P. J., and ALLOY, J., concur.